**STATE of Indiana, INDIANA STATE DE- PARTMENT OF REVENUE and Indi- ana State Board of Tax Commissioners, Appellants (Defendants Below),**

v.

**Carrie K. DAVIES and Joseph N. Thomas, Co-Executors of the Estate of Harry S. Davies, Deceased, Appellees (Plaintiffs Below).**

No. 3–880A238.

Court of Appeals of Indiana,
Third District.

June 10, 1981.

Linley E. Pearson, Atty. Gen., Herbert L. Allison, Deputy Atty. Gen., Indianapolis, for appellants (defendants below).

Gerald K. Hrebec, Fred M. Cuppy and George W. Carberry, Thomas, Burke, Dyerly & Cuppy, Merrillville, for appellees (plaintiffs below).

HOFFMAN, Presiding Judge.

On July 7, 1976 the Probate Court of Marion County rendered judgment against the State of Indiana and the Department of Revenue in favor of the plaintiffs in the amount of $34,588.19. That case arose out of a denial of an inheritance tax refund and the Department appealed the trial court's decision. The Indiana Court of Appeals affirmed the judgment (*State v. Davies* (1978), Ind.App., 379 N.E.2d 501) and denied rehearing. Transfer was subsequently denied by the Indiana Supreme Court. Thereafter, the Department paid the principal amount of the judgment but refused the plaintiffs' demand for interest. The present litigation was brought in Lake County Circuit Court to collect interest on the original judgment.

The trial court's decision in this case to award interest to the plaintiffs on the original judgment was based on IC 1971, 34–2–22–1 (Burns Code Ed.), which reads in pertinent part,

"In actions or proceedings in which the state or any board, commission, agency or official is authorized by law to sue or be sued and in which a money judgment is authorized by law to be entered and to be paid out of state funds in the custody of the state or in the custody of any such board, commission, agency or official, interest shall attach to any such final judgment so entered at the rate of six per centum [6%] per annum beginning with the forty-fifth [45] day after the rendition thereof and not otherwise[.]"

The only exception to this statute is that it does not apply to the Gross Income Tax Division. IC 1971, 34–2–22–2.

Of particular importance here, is the relief sought by plaintiffs. No pre-judgment interest, that is, interest from the time the tax was paid until the time the judgment

was rendered, is being requested. Plaintiffs seek to recover interest on the final judgment only, pursuant to the terms of the statute cited above.

In bringing this appeal, the Department of Revenue contends the trial court erred "when it interpreted the complaint as a new case of action, misconstrued I.C. 34–2–22–1 and misread the case, and completely ignored the basic, statutory remedy upon which the Co-Executors [plaintiffs] original rights and remedy is [sic] based, I.C. 6–4–1–17." The statute upon which the State's argument rests, sets forth the following procedure for refunds:

"*The state board of tax commissioners [department of state revenue] is authorized and empowered to order the refund and repayment, without interest, of all taxes heretofore or hereafter erroneously wrongfully or illegally imposed on estates, inheritances, bequests, legacies, devises, successions, gifts or other similar transfers of property, and of all such taxes that are excessive in amount or in any manner wrongfully collected by the state of Indiana, whether such taxes were imposed through mistake of fact or mistake of law and whether or not such taxes were paid voluntarily and without protest, and notwithstanding any claim heretofore filed for such refund. From any order of the state board of tax commissioners [department of state revenue] with reference to any such refund or repayment, the claimant shall have a right to appeal by filing an original action against such board [department]*; such action, in the case of a resident decedent, to be filed in the court which originally fixed and determined the amount of tax due the state of Indiana, and, *in the case of nonresident decedent, to be filed in the probate court of Marion County, Indiana.* All such original actions shall be brought within ninety [90] days after the entry of such order by said board [department]." (Emphasis added.) IC 1971, 6–4–1–17.[1]

---

1. This statute was repealed by Acts of 1976, P.L. 18, § 2, effective June 2, 1976. The substance of the act has, however, been re-enacted and restated in IC 1971, 6–4.1–10–1—6–4.1–10–6.

Accordingly, the Department may order the refund and repayment, without interest, of all taxes which have been erroneously, wrongfully or illegally imposed. Thus, if the *Department* orders the refund, no interest will attach. However, in the present case, the Department did not order a refund, but, in fact, denied the plaintiffs' refund request.

The plaintiffs here recovered the amount of estate tax which had been erroneously imposed only after successfully litigating their claim in the courts of proper jurisdiction. The refund was paid pursuant to a judgment of the court, not an order of the Board. Thus, IC 1971, 34–2–22–1, which applies to money judgments "authorized by law to be entered and to be paid out of state funds," will apply in this case and the plaintiffs may recover interest on the original judgment.

The Indiana Supreme Court has previously decided a very similar case. In *Ind. Revenue Bd. v. State ex rel. Bd. of Com'rs., etc.* (1979), Ind., 385 N.E.2d 1131, 91 counties of the State brought suit against the Indiana Revenue Board to recover interest on a prior judgment. The Court in that case stated:

"The ultimate question to be decided by this appeal regards the computation of interest on the money judgment.

\*　　\*　　\*　　\*　　\*　　\*

"Since a permissible suit was maintained against a board of the state and since a money judgment was authorized by law to be paid, it is axiomatic that interest attached pursuant to the language within Ind.Code § 34–2–22–1 (Burns 1973).

\*　　\*　　\*　　\*　　\*　　\*

"The Indiana Revenue Board should have paid the interest into court on the $16,-555,787.95 judgment at the same time it paid the judgment itself. By delaying and refusing, the Indiana Revenue Board forced the State of Indiana, on behalf of the ninety-nine [sic] counties, to sue separately for the interest. As we have discussed, that suit resulted in a final judg-

ment in the Marion Superior Court, Room No. 3, on September 30, 1976. The final judgment was for the amount of interest which had accrued pursuant to Ind.Code § 34–2–22–1 (Burns 1973)." 385 N.E.2d at 1134–1135.

This principle of law, allowing interest to attach to a money judgment rendered against the Department of Revenue, was recently applied in the case of *Ind. Dept. of State Rev. v. Mercantile Mtg.* (1980), Ind. App., 412 N.E.2d 1252, involving a refund from the Intangibles Tax Division. Pursuant to these cases and the clear language of the statutes, the plaintiffs are entitled to the interest on the original judgment.

The State's argument regarding the rules of statutory construction as related to general and specific statutes is incorrect. As discussed previously, these statutes apply to two different situations and present no conflict which would require statutory construction. Thus, the application of a specific rather than a general law is not relevant to the present situation.

■ The State also asserts the Lake Circuit Court lacks jurisdiction over the subject matter of this action. Because this case is in the nature of a proceeding supplemental to collect interest on a prior judgment, the State argues it does not constitute a separate suit. This issue was conclusively answered in *Ind. Revenue Bd. v. State, supra,* wherein the Supreme Court ruled that the filing of a second and separate suit to collect the interest was the appropriate course of action for the plaintiffs. Indeed, it was the only course available for the collection of this amount.

■ Costs of this action were erroneously awarded against the State and both parties so agree. Taxing costs against the State without specific statutory authority is contrary to law. *State Dept. of Rev. v. Am. Motorists' Ins. Co.* (1979), Ind.App., 396 N.E.2d 907.

For these reasons, the judgment of the trial court must be remanded insofar as

costs are assessed against the State. In all other respects, the judgment is affirmed.

GARRARD and STATON, JJ., concur.