Walter Lee TOWNSEND, Appellant,

v.

STATE of Indiana, Appellee.

No. 883S307.

Supreme Court of Indiana.

March 5, 1984.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a class B felony, and sentenced to twelve (12) years of imprisonment.

The facts are these. The victim of the robbery met the appellant in a bar on the northside of Indianapolis. After a few minutes of conversation the pair adjourned to the backseat of the victim's car where they engaged in homosexual activities. The victim then began to drive the appellant home using directions provided by the appellant. These directions lead the victim to a dead-end alley. Appellant then pulled a knife on the victim and took $55 from the victim's wallet. Eventually the victim freed himself and returned to the bar where he called the police. The victim provided the police with a description of his assailant which was broadcast over the police radios.

An Indianapolis police officer on patrol recognized the description as one matching that of a man the officer had questioned earlier for loitering in an area near the bar. The officer had obtained the man's name and address during the questioning. Using that information the police converged on the appellant's home. The officers knocked on the door and appellant answered. The police entered the home and confiscated a large knife which was attached to appellant's belt. They then arrested appellant and searched his person. This search produced $57 in cash. The police then took the appellant from his home to a waiting police car. While walking to the car the appellant was led past another police car containing the victim. The victim identified the appellant as his assailant.

Appellant first argues the verdict was not supported by sufficient evidence on all elements of the crime. Appellant presented an alibi defense consisting of his own testimony and that of two other persons. These three placed the appellant in a different location at the time of the crime. The State's chief witness was the victim who identified the appellant at the earlier show-up and at trial. He also identified the knife which was recovered from the appellant as the one used to threaten him. In addition he provided the police with a description of his assailant which matched the appellant. Appellant maintains the late hour of the incident and the poor lighting in the area of the incident should have reduced the credibility of the victim's testimony. He now argues the combination of these factors and his alibi defense created a reasonable doubt of appellant's guilt.

The uncorroborated testimony of a victim is sufficient to sustain a robbery conviction. *Williams v. State*, (1981) Ind., 419 N.E.2d 134. In addition the credibility of a witness is for the jury to determine. The jury may disbelieve an alibi if the witnesses for the state are credible. *Thomas v. State*, (1982) Ind., 436 N.E.2d 1109. The jury in the case at bar was free to believe the victim's testimony, and that testimony was sufficient to support the jury's finding.

Appellant's second issue concerns the trial court's denial of a motion to suppress physical evidence gathered at the time of the arrest. Without benefit of a warrant, a search was conducted at appellant's home and the knife and money were confiscated. Prior to trial appellant filed a Motion to Suppress the introduction of these items. The general rule requires a search to be conducted pursuant to a lawful warrant authorizing the search, however, many ex-

ceptions to this general rule have been adopted. Appellant now contends this search did not fall within any of these known exceptions.

The trial court denied the motion after a hearing. Appellant now contends this was error. At the hearing the State argued the searches were permissible under two exceptions to the general rule. First of all, it noted the exception which allows searches prior to arrest to remove weapons which the detained party might use to harm the police officer or to effect his escape. Second, the State called attention to the exception which allows warrantless searches of the person who has been lawfully arrested.

Two police officers testified at the hearing. Their testimony indicated they knocked on the door of the apartment and the appellant answered the door. One officer testified he immediately removed a knife, attached to appellant's belt, to protect himself during the questioning. Shortly thereafter they arrested the appellant and conducted a search of his person. They indicated the money was recovered during the search which followed the arrest of the appellant.

■ Appellant correctly maintains the State has the burden to show the police actions fall within one of the exceptions to the warrant requirement. *Murrell v. State*, (1981) Ind., 421 N.E.2d 638. One exception provides the police may search a person prior to questioning to remove any weapons the person can use to harm the officer or to effect an escape. *Chimel v. State*, (1969) 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; *Elliott v. State*, (1982) Ind. App., 435 N.E.2d 302. A search may also be conducted without a warrant if it is incidental to a lawful arrest. To be incidental the Court has required the search to be conducted substantially contemporaneous with the arrest and to be confined to the immediate vicinity of the arrest. *Murrell, supra*, 421 N.E.2d at 658.

■ In the case at bar the evidence in the light most favorable to the judgment reveals the police acted upon probable cause to question the appellant. After questioning, the police lawfully arrested the appellant and searched his person. This search was within the guidelines of *Murrell* and was not constitutionally infirmed. The trial court did not err in denying the Motion to Suppress.

Appellant argues the validity of the in court identification of the appellant by the victim. Appellant contends the showup conducted on the night of the arrest was impermissibly suggestive and any subsequent identifications were tainted by the confrontation. This Court has found showups are not *per se* impermissible if held immediately after the crime for they allow the witness to view the suspect while the image of the perpetrator is still fresh in the witness' mind. *Whitlock v. State*, (1981) Ind., 426 N.E.2d 1292.

■ In the case at bar the victim met the appellant in the bar and they talked for a period of time. Later they spent considerable time together in the car. The victim had ample time and opportunity to form an independent identification of the appellant. These opportunities were such that there was no substantial likelihood the confrontation at the time of the arrest led to a misidentification at trial. We find the trial court did not err in denying appellant's Motion to Suppress the victim's in court identification.

■ Appellant's last issue concerns the sentence imposed by the trial court. Robbery, a class B felony, carries a ten (10) year presumptive sentence. The trial judge enhanced the sentence to twelve (12) years. Ind.Code § 35-38-1-3 [Burns 1983 Supp.] allows the trial court to enhance a sentence from the presumptive level if the trial court will state the factors considered in its enhancement. The trial court listed as an aggravating factor the appellant's extensive criminal history. A sentencing decision will not be disturbed on appeal unless it can be shown the sentence was manifestly unreasonable such that no reasonable person could find the sentence appropriate to the offense or the offender.

Ind.R.App.Rev.Sen. 2. The presentence report indicated an extensive criminal history consisting of more than twenty (20) arrests. The trial judge was not unreasonable when he acted to enhance appellant's sentence beyond the presumptive sentence.

The trial court is in all things affirmed.

All Justices concur.