James FISHER, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 683S242.

Supreme Court of Indiana.

Oct. 10, 1984.

Rehearing Denied Nov. 27, 1984.

⚷795(2)

John F. Davis, Mary Jane Humphrey, Law Office of John Davis, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James Fisher, Jr., was convicted by a jury of felony murder, Ind. Code § 35–42–1–1(2) (Burns 1979 Repl.), and was sentenced to a term of imprisonment of thirty-five years. He raises the following issues in this direct appeal:

1. Whether the trial court erred in denying his motion to poll the jury;

2. Whether the trial court erred in refusing to instruct the jury on the lesser included offense of robbery;

3. Whether the trial court erred in allowing the state to refer to the defendant's past criminal conduct;

4. Whether the trial court erred in refusing to allow the defendant to testify that he was a state's witness in his companion's trial;

5. Whether the trial court erred in allowing the state to present evidence gained in a warrantless search of the defendant's house;

6. Whether the trial court erred in instructing the jury on the law of accomplice liability when the defendant had been charged as a principal; and

7. Whether the trial court erred in denying the defendant's motion for judgment of acquittal made on the grounds that he was an accomplice charged as a principal.

A brief summary of the facts from the record most favorable to the state shows that the defendant and another man, John Cabell, planned a robbery. They approached the victim who reached for his wallet and was shot and killed by Cabell. The defendant fled. He was later found in his house hiding in a closet and was arrested. The defendant admitted his role in the crime and that he burned the victim's wallet after the robbery.

## I.

At one point during his trial the defendant asked the court to poll the jury and to inquire whether any of its members had seen or heard newspaper or television accounts pertaining to the trial. The defendant could not particularize for the court the nature of what might have been published, if anything, and his motion was denied. The defendant contends the denial of his motion to poll the jury constituted error. We disagree.

A trial court is required to interview the jury regarding exposure to potentially harmful publicity only if there exists some basis for a reasonable belief that such exposure has occurred. *Jarvis v. State*, (1982) Ind., 441 N.E.2d 1, 7. The court is not required to conduct a "fishing expedition" upon the defendant's request. *Id.* at 8. The defendant's motion was properly denied because it was not supported by a showing of a substantial risk of prejudice. *Id.*

Included in the record on appeal is a juror's affidavit stating that, during deliberations, another juror informed the jury that he had read that Cabell had been convicted only of manslaughter. The affiant states that another juror was prompted to

say that, therefore, they had better convict the defendant of murder.

The defendant acknowledges the well-settled rule against impeachment of a verdict with a juror's affidavit. *Ferguson v. State*, (1980) 273 Ind. 369, 403 N.E.2d 1373, 1376. He urges, however, that the affidavit is offered only to show that he was prejudiced by the court's denial of his motion to poll the jury. We find this to be a distinction without a difference. In any case, we have stated that it was the defendant's burden to show a risk of prejudice at the time he moved the court to poll the jury. *Jarvis v. State*, 441 N.E.2d at 8. We find no error here.

## II.

The defendant contends that the court erred in refusing to instruct the jury on the lesser included offense of robbery. However, for a defendant to be entitled to an instruction on a lesser offense, it is not enough that the lesser offense be included within the offense charged, but there must also be evidence from which the jury could properly find that the lesser offense was committed while the greater was not. *Tawney v. State*, (1982) Ind., 439 N.E.2d 582, 587.

The evidence clearly supported the greater charge that a killing occurred during the commission of a robbery. The instruction was properly refused.

## III.

The defendant's next allegation is that the trial court erred in allowing the state to read to the jury the portion of the defendant's confession in which he stated that, prior to the crime in question, he had not committed a robbery in twelve years. He argues correctly that this evidence of unrelated criminal activity is not properly admissible on the issue of his guilt in this crime. *Richey v. State*, (1981) Ind., 426 N.E.2d 389.

The defendant has not met his burden of showing this Court how he was prejudiced by the admission of the statement. *Hester*

*v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351, 355. Moreover, any error was rendered harmless when the defendant took the stand and, on cross-examination, admitted his involvement in past crimes. *Smith v. State,* (1983) Ind., 445 N.E.2d 85, 86.

### IV.

The defendant had testified for the state in the trial of his companion, Cabell. He sought admission of that fact in the instant trial. The trial court refused to admit the evidence on the grounds that the defendant's cooperation with the state in Cabell's trial was irrelevant. From this refusal the defendant claims error.

 A trial court has broad discretion in its rulings on the admissibility of evidence. *Grimes v. State,* (1983) Ind., 450 N.E.2d 512, 519. Evidence is relevant if it tends to prove or disprove a material fact. *Id.* We cannot agree with the defendant that the trial court erred in its ruling that his cooperation with the state in Cabell's trial was irrelevant to the only material issue in the instant trial—the defendant's guilt or innocence.

### V.

The defendant was arrested during a warrantless search of his residence. He contends that the testimony regarding the fruits of the search should have been suppressed because the search was conducted without a warrant.

 We do not agree with the defendant that his Fourth Amendment right against unreasonable search and seizure was violated. He is correct that a warrantless search is unreasonable *per se, Murrell v. State,* (1981) Ind., 421 N.E.2d 638, 640, and that the state has the burden of showing that its action fell into one of the exceptions to the warrant requirement. *Id.* Consent to the search is one such exception. *Brown v. State,* (1982) Ind., 442 N.E.2d 1109, 1116.

 In this case, the state presented unrebutted evidence that the defendant's roommate, the lessee of the residence, voluntarily consented to the search. Consent to search which is given by a third party having common authority with the defendant over the premises is sufficient to justify a warrantless search of the defendant's residence. *United States v. Matlock,* (1974) 415 U.S. 164, 94 S.Ct. 988, 993, 39 L.Ed.2d 242. The warrantless search was not illegal.

 The defendant vaguely argues that his arrest was illegal because the police did not have an arrest warrant. However, in Indiana an individual may be arrested without a warrant when the arresting officer has reasonable and probable cause to believe that individual has committed a felony. *Battle v. State,* (1981) Ind., 415 N.E.2d 39, 42.

 The defendant does not challenge the existence of probable cause, nor was the issue raised below. Therefore, the record does not provide for our review of the state's probable cause prior to the search of the defendant's residence. The record does reveal, however, that the search produced the murder weapon and that the defendant was discovered hiding in a closet. We believe that these facts alone would warrant a person of reasonable caution and prudence to believe the defendant committed the criminal act in question. *Id.* The state had probable cause to arrest the defendant.

### VI.

The defendant argues that the court erred in giving its several instructions to the jury on Indiana's law of accomplice liability. He claims first that an accomplice may not be charged and convicted as a principal and, second, that, in any case, the evidence did not support an instruction on accomplice liability.

The defendant correctly points out that Indiana's prior statute on accomplice liability affirmatively provided that one who aided in an offense could be charged and convicted as a principal. Ind.Code § 35-1-29-1 (repealed October 1, 1977). The current statute provides simply that one who

aids in an offense commits that offense. Ind.Code § 35–41–2–4 (Burns 1979 Repl.). It is because of this change in the statutory language that the defendant makes his argument that an accomplice may not be charged and convicted as a principal.

 We believe that the current statutory language, by providing that an accessory to an offense *commits* that offense, obviously authorizes the state to charge and convict an accessory as a principal. The defendant's position has been consistently rejected by this Court. *Hoskins v. State*, (1982) Ind., 441 N.E.2d 419, 425; *Ward v. State*, (1982) Ind., 438 N.E.2d 966, 968; *Hubbard v. State*, (1982) Ind., 437 N.E.2d 52, 54; *Harris v. State*, (1981) Ind., 425 N.E.2d 154, 156; *Abrams v. State*, (1980) 273 Ind. 287, 403 N.E.2d 345, 347. Instructions on an accused's liability as an accessory are proper where the accused is charged as a principal, providing the evidence supports such instructions. *Abrams v. State*, (1980) 403 N.E.2d at 347.

[19] The evidence here was that the defendant helped plan the robbery and that he accompanied Cabell to the victim's store. Together they watched the victim's activities and chose the time to approach him. After Cabell shot the victim, the defendant fled. He later burned the victim's wallet. The instructions were supported by the evidence and were properly given to the jury.

### VII.

The defendant's contention that his motion for judgment of acquittal was improperly denied is without merit as it is based on the same erroneous claim made in Issue VI above. Defendant was properly charged as a principal.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.