Terry L. CRISS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8610–CR–890.

Supreme Court of Indiana.

Sept. 15, 1987.

Sheila Suess Kennedy, Mears &. Crawford, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, a Class B felony. Appellant was sentenced for a period of twenty (20) years for Robbery, which was enhanced to a total sentence of fifty (50) years due to a finding that appellant is an habitual offender.

The facts are: On November 27, 1985, at approximately 1:30 a.m., the Kocolene gas station at 9545 Pendleton Pike, Indianapolis, was robbed. Sandra Walters was working as an attendant at Kocolene and was the only person present at the time of the robbery. She testified that appellant entered the store, walked up to the counter and asked for a pack of cigarettes. Walters turned around to get the cigarettes and when she turned back around, appellant was behind the counter with her, holding a gun. At this time, Walters got a good look at appellant's face. He ordered her to open the cash register and get on the floor with her head down. He emptied the register and asked her if there was money anywhere else. She showed him money under the counter, which he took. He also took twelve dollars Walters had in her pocket and about forty-two cartons of cigarettes.

Appellant then ordered Walters to get in the back room or he would mess up her face. In the back room, he took her billfold from her purse. Again, Walters was able to observe appellant's face. Appellant closed the door to the back room leaving Walters inside. He turned the knob to be sure the door was locked. He told her to stay in that room or she would be dead.

After she heard appellant leave, Walters was able to escape from the back room. She went back into the store and called the police.

Appellant had been living with his girl friend, Marilyn Kenny, at 2414 North Kitley in Indianapolis. Their landlord had negotiated the lease with Kenny and had conversed with appellant about maintenance of the property on a few occasions. About two months after appellant moved into the apartment, the landlord noticed that the premises were empty.

In regard to an unrelated investigation, police contacted the landlord and requested permission to enter the unoccupied apartment. Inside the apartment, police found a driver's license, social security card and blood donor's card belonging to Walters. No search warrant was issued for the investigation of the premises.

Police prepared a photographic array containing appellant's picture for Walters' inspection. She identified appellant as the robber from the photographic array and in a subsequent lineup.

At trial, appellant moved to suppress the evidence the police obtained from the apartment on the ground that the warrantless search was illegal. Appellant now argues that the trial court erroneously denied his motion to suppress. In his view, he still had a reasonable expectation of privacy in the apartment because Kenny had called the landlord after the police investigation to inquire about some beds remaining on the premises. No other personal property remained in the apartment except for some trash.

After considering that the apartment was empty except for trash and the rent was past due, the trial court concluded that the apartment had been abandoned. Therefore, the warrantless search did not violate appellant's Fourth Amendment rights.

■ No significant evidence was presented by appellant to show that he was living at the apartment at the time of the

search. Because appellant had abandoned the apartment, he no longer had a reasonable expectation of privacy. Therefore, the warrantless search did not violate his Fourth Amendment rights and his motion to suppress the evidence was properly denied. *Burris v. State* (1984), Ind., 465 N.E.2d 171, *cert. denied,* 469 U.S. 32, 105 S.Ct. 816, 83 L.Ed.2d 809; *Myers v. State* (1983), Ind., 454 N.E.2d 861.

Appellant also argues that the evidence was insufficient to support the jury's verdict. He submits that because the evidence linking him to the robbery is tainted due to the illegal warrantless search, and because the State had not shown that appellant's apartment was not in his exclusive possession, the evidence is insufficient to link him to the robbery.

■ Appellant recognizes that this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Muse v. State* (1981), Ind., 419 N.E.2d 1302. As stated above, the evidence seized from appellant's abandoned apartment was not tainted from an illegal search and was properly considered by the jury. Also, the jury heard testimony from the victim who identified appellant as the robber. A conviction may rest on the victim's uncorroborated testimony alone. *Townsend v. State* (1984), Ind., 460 N.E.2d 139.

There is substantial evidence of probative value to support the jury's verdict.

Appellant next argues that the jury instruction informing the jury that a conviction could rest on the uncorroborated testimony of a single eyewitness was erroneous.

The instruction was a correct statement of the law. *Townsend, supra.*

In a related argument, appellant contends that an instruction he tendered was erroneously excluded. Appellant's tendered instruction was to the effect that the State had the burden of proving appellant guilty beyond a reasonable doubt and it set out elements by which the jury was to judge the credibility of the identifying witness.

The substance of appellant's tendered instruction was covered in Instruction Number 9. The trial court did not err in refusing to give the tendered instruction which was repetitive of the instruction given. *Richey v. State* (1981), Ind., 426 N.E. 2d 389.

Appellant maintains that the trial court's sentence is manifestly unreasonable and should be set aside. The trial court gave appellant a presumptive penalty of ten (10) years as provided in Ind.Code § 35–50–2–5, plus an additional ten (10) years for aggravating circumstances. Appellant states that the trial court failed to articulate any specific factors which would justify the imposition of the aggravated sentence.

■ During the sentencing hearing the trial court found appellant's past record of convictions of Second Degree Burglary, Second Degree Burglary, Rape, Armed Robbery, Burglary, Robbery and Confinement together with his lack of remorse and prior violent felony convictions to be aggravating circumstances. We find that these findings sufficiently fulfill the requirements of Ind Code § 35–38–1–3(3).

Appellant also contends that the trial court erred in sentencing him before he was given the opportunity to make a statement, which was in contravention of Ind. Code § 35–38–1–5.

■ Appellant made no specific objection about his lack of opportunity to make a statement at the sentencing hearing. Thus the issue is waived. *Norton v. State* (1964), 245 Ind. 201, 197 N.E.2d 297. After he was sentenced, he was asked whether he would like to make a statement. In his statement, he made a plea to the trial court to reconsider its imposition of an aggravated sentence as, in his view, it was unfair to use his prior felony convictions as the basis for both his aggravated sentence and his habitual offender status. It is not error for a court to use the same prior offenses for both enhancement of the instant offense and to establish a status as an habitual offender. *Darnell v. State* (1982), Ind., 435 N.E.2d 250.

Appellant also complains of the verdict form used for the habitual offender phase of his trial. He maintains that the form suggested to the jury that they find him to be an habitual offender and that the form required the jury to tender a special verdict, in violation of Ind.R.Tr.P. 49.

The form used by the trial court reads as follows:

VERDICT

"WE, THE JURY FIND THAT:

(1) THE STATE (HAS/HAS NOT) PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, TERRY L. CRISS, WAS CONVICTED OF RAPE, A FELONY, ON OR ABOUT FEBRUARY 27, 1976 AND SENTENCED THEREON.

AND (2) THE STATE (HAS/HAS NOT) PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, TERRY L. CRISS, WAS CONVICTED OF ATTEMPT [sic] ROBBERY, A FELONY, ON OR ABOUT MAY 15, 1980 AND SENTENCED THEREON.

WE THEREFORE FIND THAT THE DEFENDANT, TERRY L. CRISS (HAS/HAS NOT) ACCUMULATED TWO OR MORE PRIOR UNRELATED FELONY CONVICTIONS, AND THAT HE (IS/IS NOT) AN HABITUAL OFFENDER."

Indiana Code § 35–50–2–8(d) states that a person is an habitual offender if the jury finds that the State has proved beyond a reasonable doubt that the person has accumulated two prior unrelated felony convictions. *Gibson v. State* (1986), Ind., 490 N.E.2d 297.

■ In *Denton v. State* (1986), Ind., 496 N.E.2d 576, we ruled that the verdict form, which was nearly a duplicate of the one used in this case, did not violate Ind.R.Tr.P. 49. In answering the questions on the verdict form, the jury had the opportunity to find that appellant had or had not committed the two prior felonies and that he was or was not an habitual offender. Therefore, we find that the form was not

unduly suggestive and was correctly submitted to the jury.

Appellant argues that the trial court erred in its refusal to dismiss the jury and grant a mistrial. During *voir dire*, a prospective juror indicated that he thought he knew appellant. When the juror was asked whether that fact might affect his judgment, he said no.

The juror worked at the Indiana State Reformatory and appellant contends that the juror recognized appellant as a former inmate, which was prejudicial to him.

It is unclear from the record why the juror recognized appellant; he did not say that he recognized him from the reformatory. Appellant did object, but he failed to state the ground for his objection or ask for an admonishment.

The granting of a mistrial when improper evidence of past crimes is admitted lies within the trial court's discretion. *English v. State* (1985), Ind., 485 N.E.2d 93. This Court will reverse the trial court's discretion only when it is shown that the appellant was placed in a position of grave peril to which he should not have been subjected. *Wallace v. State* (1985), Ind., 486 N.E. 2d 445; *Pillow v. State* (1985), Ind., 479 N.E.2d 1301.

■ Because the juror never said he knew appellant from the reformatory, it cannot be said that evidence of appellant's prior crimes was admitted. We find that appellant was not placed in a position of grave peril, and there was no abuse of trial court discretion in its denial of appellant's motion for mistrial.

The trial court is affirmed.

SHEPARD, C.J. and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.