Dwaine **ALEXANDER**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below)

No. 1085S419.

Supreme Court of Indiana.

Oct. 27, 1987.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Robert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On April 23, 1985, Defendant–Appellant Dwaine Alexander was found guilty by a jury of burglary, a class B felony, and was found to be an habitual offender. He was sentenced to a 6 year term of imprisonment, enhanced by 30 years for the habitual offender finding. In this direct appeal, Alexander challenges the validity of the habitual offender finding.

The facts show that on March 19, 1984, the Gary Police responded to a burglary in progress call. Upon arriving at the scene, a female informed Detective Sergio Escalante and Detective Thomas Houston that a man had forced open the rear door of an apartment on Central Avenue. Both officers approached the rear door and observed a male backing out with various items of property in his hands. The police officers immediately arrested the man and advised him of his *Miranda* rights. At trial both detectives identified Alexander as the person they saw backing out of the residence.

■ Alexander challenges, for the first time, the predicate felony convictions supporting his habitual offender finding. He asserts the two underlying felony convictions, on which the habitual offender finding is based, are constitutionally invalid. Alexander claims the trial court never gained proper jurisdiction in the prior felony convictions because they are based on arrest by affidavits of probable cause and informations without the safeguard of an examination by a neutral and detached hearing body to determine whether probable cause existed to hold him for trial. This argument is without merit. Alexander entered guilty pleas to both predicate felonies. Thus, he submitted to the court's jurisdiction and any error in the failure to have a probable cause hearing is waived by his personal appearance and plea of guilty.

■ Further, this argument constitutes a collateral attack on the predicate felony convictions. An appellant generally may not maintain a collateral attack on prior convictions during the habitual offender phase of his prosecution. *Baird v. State* (1986), Ind., 497 N.E.2d 538, 542; *Edwards v. State* (1985), Ind., 479 N.E.2d 541, 547–48. To sustain a collateral attack on the underlying felonies alleged in a habitual offender proceeding, an appellant must demonstrate that the documents used to prove the convictions, on their face, raise a presumption that the convictions were constitutionally infirm. *Lucas v. State* (1986), Ind., 499 N.E.2d 1090, 1095–96; *Edwards*, 479 N.E.2d at 547. Where the conviction is based on a guilty plea, the infirmity must affect that part of the guilty plea which constitutes the admission of guilt. *Edwards*, 479 N.E.2d at 547.

Alexander asserts the predicate felony convictions facially raise a presumption that the convictions are constitutionally infirm and that such infirmity undermines both the integrity and reliability of the determination of guilt. The documents attached to Alexander's Motion to Correct Errors include criminal docket sheets showing that Alexander had two prior felony convictions. On September 19, 1975, Alexander pleaded guilty to entering with intent to commit a felony. On February 22, 1978, Alexander pleaded guilty to robbery. The docket sheet shows the trial court advised Alexander of his constitutional rights on both occasions.

Alexander alleges that regarding the entering with intent to commit a felony conviction, the record fails to reflect where and when the trial court advised him that by pleading guilty he waived his right to a speedy trial and that by pleading guilty there was a possibility that his sentence would be increased by reason of a prior conviction. Alexander further alleges that regarding the robbery conviction, the record fails to reflect where and when the trial court advised him that by pleading guilty he was admitting the truth of the facts alleged, that he waived his right to a speedy trial, that there was a possibility of an increased sentence by reason of a prior conviction, and that the trial court was not a party to any agreement entered into by the prosecutor and his trial counsel. To assess Alexander's allegations, a transcript of the guilty plea hearing is necessary. Such has not been provided. Where there is a total absence of proper record for

review and an appellant's argument amounts merely to a conclusory accusation, the issue is deemed waived. *Northern v. State* (1986), Ind., 489 N.E.2d 520, 522. As the docket sheets show Alexander was advised of his constitutional rights and he presents an inadequate record to support his accusations, Alexander has not shown the underlying convictions are facially constitutionally infirm.

Alexander filed an amended appellate brief *pro se* and without the support of his attorney after the close of the briefing period, raising two additional issues. As our review of these issues shows them to be wholly without merit, we will dispose of them here in the interests of judicial economy.

First, Alexander claims a person who identified herself as Janice, a neighbor, allegedly called the police to report that a person had forced open the rear door of the apartment. Alexander asserts his right to confrontation was violated when the court allegedly allowed testimony from police officers concerning the supposed statement of Janice without allowing him to challenge the statement.

At the close of the State's case in chief, Alexander's defense counsel moved to strike all testimony by the police officers regarding information related to them by Janice because she was not listed as a witness and there was no way to confront her. The trial judge denied the motion on the grounds that this was not the testimony in evidence.

Alexander's claim here is wholly without merit since there was no statement made to the police by Janice in the trial record. The testimony of the officers reveals Alexander is totally misstating the evidence. The officers testified they did not know who called in the report. They never mentioned Janice. Rather, a relative of the victim, Melinda Flowers, testified Janice told her the next day that she had called the police. Officer Escalante stated the dispatcher did not tell the officers who called. There was no evidence the detectives ever talked to Janice.

Second, Alexander alleges his appellate counsel was ineffective for failing to raise this issue. We have shown the complaint to be without merit. An attorney is not ineffective for failing to raise meritless claims. *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. Therefore, Alexander's appellate counsel will not be considered ineffective for failing to raise the issue.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.