**William M. CORNETT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 64S00–8801–CR–152.**

Supreme Court of Indiana.

April 7, 1989.

James V. Tsoutsouris, Public Defender, Porter County and James A. Johnson, Chief Deputy, Portage, for appellant.

Linley E. Pearson, Atty. Gen. and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

█ Appellant's first trial resulted in a hung jury. His second trial by jury resulted in his conviction of Robbery, a Class B felony, for which he received a sentence of ten (10) years. He also was found to be an habitual offender and was sentenced to an additional thirty years to run consecutively with the ten-year sentence, which was improper. The habitual offender status is not a separate sentence, but requires the trial court to enhance appellant's ten-year sentence under the robbery conviction by a

term allowed by statute. *Lord v. State* (1988), Ind., 531 N.E.2d 207.

The facts are: At approximately 11:00 p.m. on October 21, 1986, appellant walked into a service station in Porter County, Indiana where Sonia Mason was working as a cashier. She testified that after appellant entered the station he turned and scanned the room. He then pulled out a gun. He pointed the gun at her, told her to give him all the money out of the register, and to hurry. She gave him approximately $200 from the register.

Mason called the Portage police. They arrived within a few minutes, and she gave them a detailed description of appellant, who did not wear a mask or face covering. Police broadcast a description of his clothing and physical characteristics. At about 3:15 a.m. on the day of the robbery, an employee of a restaurant two blocks from the service station told police about a man in the restaurant who fit the description of the robber. Police entered the restaurant, sat at a booth, and noticed that the man turned around and looked at them five or six times and appeared to be very nervous. He left his seat and because he fit the description of the robber, they apprehended him. They found a large sum of cash in his wallet and observed that he was intoxicated. They arrested him for public intoxication.

Mason later identified appellant's shirt as the one worn by the robber. She selected his photograph from a photographic array and identified him in court as the robber.

Appellant argues he was erroneously compelled to make a statement at trial which was self-incriminating and violated his constitutional rights.

Part of Mason's description of appellant to police included her observation that when he spoke, his lips puckered "like somebody wearing false teeth and didn't have them in." At trial, the court granted the prosecutor's request that appellant repeat the words spoken during the robbery. Mason testified that appellant's was the same voice and manner of speaking as that of the robber. Appellant argues that it was unnecessary for him to speak at trial because Mason already had identified him. He also asserts that because Mason identified him by his manner of speaking and not his tone of voice, the compulsory speaking went beyond mere physical demonstration and was testimonial in nature.

We held in *Allen v. State* (1981), Ind., 428 N.E.2d 1237 that compelling the defendant to repeat the words about which the witness had testified was not a violation of his constitutional right to remain silent. The privilege against compulsory self-incrimination does not shield a defendant against a court-ordered submission to a "purely physical" test such as body measurements, handwriting, fingerprinting, and voice exemplars. *Id.*

Appellant's compulsory utterance was for the sole purpose of examining the physical characteristics of his mouth as he spoke. His statement was not testimonial in nature. We find no trial court error.

Appellant argues the trial court erred by permitting the in-court identification of him by Mason. He asserts that the circumstances did not justify his warrantless arrest and the photograph later taken of him and used by Mason to identify him was "fruit of the poisonous tree." He further argues that the photographic lineup was unduly suggestive because the other subjects were dissimilar to him in appearance. He concludes that the in-court identification and photographic array should have been suppressed.

A warrantless arrest is permissible if a misdemeanor is committed in the officer's presence or if, at the time of the arrest, the officer had probable cause to believe that the defendant had committed a felony. *Collins v. State* (1987), Ind., 509 N.E.2d 827; *Brown v. State* (1982), Ind., 442 N.E.2d 1109.

Probable cause exists when, at the time of arrest, the arresting officers have knowledge of facts and circumstances which would warrant a man of reasonable caution and prudence to believe that a suspect committed the criminal act in question. *Craig v. State* (1983), Ind., 452 N.E.2d 921.

In appellant's case, Mason described the robber's height, weight, facial hair, receding hairline, hair color, and clothing, and Officer Myers testified that appellant fit the description "to a T." Appellant became nervous when police entered the restaurant, and he was intoxicated. Because he was in a public place, it was proper to arrest him for the violation of Ind.Code § 7.1-5-1-3,. *Brown, supra.* We find appellant's warrantless arrest was lawful.

Appellant complains that the photographic array was suggestive because three men in the photographs were obviously younger, larger, and had darker hair than himself, and only one other subject had a receding hairline.

A photographic array is impermissibly suggestive when its use raises a substantial likelihood of misidentification given the totality of the circumstances. *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274.

The photographic array consisted of six photographs of men with full beards who appeared to be approximately six feet tall. Though some subjects appeared to be younger than forty years old, three subjects appeared to be about that age. Additionally, Mason positively identified appellant not only by his physical characteristics but by his clothing and manner of speaking as well. We find the photographic array in appellant's case did not raise a substantial likelihood of misidentification. Therefore, the in-court identification of appellant was not improper.

Appellant argues that his shirt, a photograph, and testimony regarding his other possessions were improperly admitted into evidence because they were products of an illegal warrantless arrest.

We stated above that appellant's warrantless arrest was lawful. Therefore, evidence seized from him after the lawful arrest was properly admitted into evidence. *Kirby v. State* (1985), Ind., 481 N.E.2d 372.

Appellant contends he was denied a fair trial because the State was permitted to amend the information during the trial.

Appellant was charged with being an habitual offender, and the information alleging his habitual offender status listed a 1968 conviction of assault and battery with intent to commit a felony in West Lafayette, Indiana. During the hearing on the habitual offender charge, the evidence showed that his 1968 crime occurred in Fountain County, Indiana instead of in West Lafayette as the information stated. The prosecution's motion to amend the habitual offender information to reflect the Fountain County location was granted. Appellant argues the amendment violated Ind.Code § 35-34-1-5, which prohibits the amendment of an information if not within the thirty days prior to the omnibus date.

An information may be amended at any time to cure a defect if the substantial rights of the defendant are not prejudiced. Ind.Code § 35–34–1–5(a)(9).

In appellant's case, neither the substance of the offense alleged nor the date on which it was committed was amended. Appellant does not allege that the convictions used for habitual offender purposes were unknown by him. Because the amendment did not change the theory of prosecution or the character of the offense, the correction of the error was not prejudicial to appellant. *Starks v. State* (1987), Ind., 517 N.E.2d 46; *Haymaker v. State* (1988), Ind., 528 N.E.2d 83.

Appellant contends the trial court improperly admitted into evidence State's Exhibit No. 1. State's Exhibit No. 1 contained a June, 1968 information alleging appellant committed robbery, presentence investigation reports, a psychological report, a docket sheet showing a plea agreement to a reduced charge, correspondence from appellant to the judge, and other documents. Appellant alleges he was prejudiced by the admission of the extraneous documents which contained his prior criminal history. The jury also reviewed documents relating to his convictions and commitments for burglary in 1977 and theft and burglary in 1978.

We believe the presentence reports and extraneous documents were irrel-

evant to the habitual offender proceeding, and it was improper to submit the evidence to the jury. *Pointer v. State* (1986), Ind., 499 N.E.2d 1087. However, no reversible error occurred because the function of the jury was simply to determine whether appellant had committed two prior felonies and not to sentence him. Sufficient evidence establishing that appellant had committed two prior unrelated felonies was presented to the jury, and evidence which tends only to disclose a fact proven by other properly-admitted evidence is harmless. *Id.*

Appellant also contends Exhibit No. 1 is constitutionally infirm on its face because his guilty plea is without documentation other than its appearance on the docket sheet.

■ Appellant's argument constitutes a collateral attack on a prior conviction, which is generally improper during the habitual offender phase of his prosecution. To sustain a collateral attack on an underlying felony in the habitual offender proceeding, an appellant must demonstrate that the documents used to prove the convictions on their face raise a presumption that the convictions were constitutionally infirm. Where the conviction is based on a guilty plea, the infirmity must affect that part of the guilty plea which constitutes the admission of guilt. *Alexander v. State* (1987), Ind., 514 N.E.2d 292.

■ As appellant concedes, the docket sheet on February 14, 1973 shows that he pleaded guilty to assault and battery with intent to commit a felony. The docket indicates that the court interrogated him and advised him of his constitutional rights and found he fully comprehended the plea bargaining arrangements and his respective rights. Appellant has presented no evidence supporting his allegation that he was not advised of his rights. We find that appellant has not shown Exhibit No. 1 was facially constitutionally infirm. *Id.*

Additionally, the State presented evidence establishing three prior felonies were committed by appellant. State's Exhibit No. 1 was surplusage and its admission

was not prejudicial error. *Eldridge v. State* (1986), Ind., 498 N.E.2d 12.

Appellant argues he was prejudiced by the admission into evidence of State's Exhibits Nos. 2 and 3 during the habitual offender proceedings. Exhibit No. 2 contained documents to establish his 1977 theft conviction. Appellant objects to the inclusion of the probable cause affidavit, the plea agreement, and the order granting shock probation associated with that conviction. Exhibit No. 3 consisted of documents pertaining to his 1977 charge of public intoxication, burglary, and theft. Appellant objects, stating that the information, plea agreement, and probable cause affidavit were irrelevant. He asserts the commitment and sentencing orders were the only necessary documents and the other records prejudiced him in the eyes of the jury.

■ The exhibits about which appellant complains helped identify him and the crimes for which he was charged. The documents were properly certified by the clerk of the superior court of Porter County as true and complete copies of the originals. We find appellant's habitual offender status was sufficiently established and he suffered no prejudice from the admission of the additional documents. *Pointer, supra; Graham v. State* (1982), Ind., 441 N.E.2d 1348.

Appellant makes the argument that if this Court disposes of the foregoing issues in his favor, the evidence is insufficient to sustain his conviction and habitual offender status. However, our determination is contrary to his position.

■ On a claim involving the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. A conviction may rest on the uncorroborated testimony of the victim alone. *Criss v. State* (1987), Ind., 512 N.E.2d 858. We find there is substantial evidence of probative value to support appellant's conviction and habitual offender status.

This cause is remanded to the trial court for appropriate sentencing regarding appellant's habitual offender status. In all other respects, the trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, C.J., concurs in result without separate opinion.

DICKSON, J., concurs as to the conviction but dissents as to the habitual offender sentence.