**Randall J. PERRY, Appellant (Defendant below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 03S00–8709–CR–841.**

Supreme Court of Indiana.

June 1, 1989.

William H. Stone, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Randall J. Perry was convicted of Murder and Rape, both Class A felonies. He was sentenced to consecutive terms of sixty (60) years for the murder conviction and fifty (50) years for the rape conviction. He directly appeals challenging the trial court's denial of his motion to suppress items seized from a warrantless search of his mother's home where he resided.

The facts most favorable to the verdict below show that on February 27, 1984, the body of 17 year old Rosa S. Spaugh was found in a trash bag bound in an electric cord and steel coat hangers in Crook Creek in Bartholomew County. The police investigation focused on Appellant Perry who had been seen with Rosa on the day of her disappearance. Perry voluntarily appeared as requested at the Bartholomew County Sheriff's Office to be interviewed. After he was advised of his constitutional rights and executed a written "Advice of Rights—Interrogation" form, Perry was interviewed and gave an affirmative nod when asked if he would consent to a search of his residence.

Perry resided with his mother at her Columbus, Indiana, home. Mrs. Perry paid $200.00 a month in rent for the house in which she and her son resided. She paid for the house's utilities and rental insur-

ance. She provided the food which was prepared in the kitchen located downstairs for both of them. Perry made no contributions of any kind toward the family's living expenses. Perry resided in a bedroom in the upstairs portion of the house. There was an outside stairway which led to Perry's bedroom which was used only when Perry invited friends to visit. Perry always used the kitchen door to enter the house. Another door at the bottom of the downstairs' stairwell leading to the second level existed and could be closed and locked. Mrs. Perry had advised Perry she would go into his bedroom at any time since the house was hers. She went into his room once a week to clean or obtain his soiled laundry.

Police read a consent to search form to Mrs. Perry which she signed without question. Police then conducted a search of Perry's room and attic which resulted in the discovery of evidence which was introduced at trial. Mrs. Perry consented to allow police to search her home a second time. Mrs. Perry was advised of her rights from the same form with respect to searches and consent. Items seized from Perry's bedroom included blood stained pieces of wooden flooring, a fan with the power cord cut off, and a portion of a coat hanger.

Perry here claims it was error for the trial court to deny his motion to suppress and to admit into evidence the fruits of the warrantless search. He argues his mother had no right to consent to the search of his bedroom. Perry asserts his mother's consent to search her house did not include his bedroom which was his exclusive domain and in which he possessed a reasonable expectation of privacy. He claims he had a reasonable expectation of privacy in his room because he was the only one who used the room, he used it in ways contrary to his mother's wishes in that he drank alcohol and entertained friends his mother did not welcome in her house, he came and went as he pleased, and he had his own entrance to his room which he asserts he could lock. However, the record supports the trial court's ruling that Perry did not have a legitimate expectation of privacy in his mother's residence.

A warrantless search is presumed unreasonable, and the State bears the burden to show that the search falls under an exception to the warrant requirement. *Brooks v. State* (1986), Ind., 497 N.E.2d 210, 215. Consent to search given by a third party having common authority over the premises is sufficient to justify a warrantless search. *Stallings v. State* (1987), Ind., 508 N.E.2d 550, 552. *See also Fisher v. State* (1984), Ind., 468 N.E.2d 1365, 1368; *Murrell v. State* (1981), Ind., 421 N.E.2d 638, 641. When reviewing a trial court determination of the validity of a search, we consider the evidence favorable to the trial court's ruling and any uncontradicted contrary evidence. The test is sufficiency of the evidence. *Stallings*, 508 N.E.2d at 552.

Here the evidence at the suppression hearing clearly established Perry's personal right was of such a nature that it was totally defined by and dependent upon the will of Mrs. Perry and was of a very limited nature. *See Murrell*, 421 N.E.2d at 641. Mrs. Perry was in full control and management of the space within the house, and Perry acceded to her authority in respect to its use. Mrs. Perry controlled the house and incurred all the expenses related to the maintenance of the household. She cleaned her son's room and picked up his dirty laundry. There is no evidence that Perry paid his mother to maintain a separate, private apartment in the upstairs area of the home. Mrs. Perry's consent to search her house was not limited to any particular part of the residence. Since she had control over the entire premises, her voluntary consent properly permitted the officers' search of Perry's room. The seizure of items from Perry's bedroom was also valid and the court did not err by denying Perry's motion to suppress and admitting the items into evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.