**Nicholas MAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8807–CR–628.

Supreme Court of Indiana.

Sept. 25, 1989.

Kevin L. Scionti, Kenneth T. Roberts, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in the Marion Superior Court Criminal Division VI, Defendant–Appellant Nicholas May was convicted of Burglary and Theft and determined to be an habitual offender. The only issue presented for our review in this direct appeal is sufficiency of the evidence to sustain the verdicts.

The facts favorable to the State indicate that at approximately 3:15 a.m. on August 27, 1986, Marion County Sheriff's Deputy J. T. Jones received a dispatch concerning an activated alarm at the Hillcrest Country Club in Marion County, Indianapolis, Indiana. Officer Jones, with his lights out, arrived at the Country Club and saw a car backed into an area near the service entrance. Shortly thereafter, he saw a black male carrying a crate toward the car. When the suspect saw Officer Jones, he disappeared behind a wall and escaped on foot.

It was determined that entry into the building had been accomplished by using a ladder and entering the country club by way of a high kitchen window. The perpetrator exited by way of the service door after cutting the padlock from it. An alarm system at the country club was attached to the doors of the club but not the windows. Employees of the club were aware of this. There was also a motion-sensor alarm which would activate when someone within the building crossed the path of an electric eye. Employees of the club were not necessarily aware of the motion-sensor alarm. May was a former employee of the club but had been fired on August 5, 1986. It was determined that the vehicle left at the scene was May's. A meat cleaver found in May's car was identified by the club manager and the club's cook as belonging to the club. The cook testified the club owned two meat cleavers. One of the two was an older one with a nick in the blade and because of the nicked blade, the club purchased a new one about one month prior to the burglary in question. It was the new cleaver that was discovered in May's car. The cook testified that on August 26, the night before the burglary, she had thoroughly washed and dried this cleaver. On the morning of the 27th, when she began her preparations in the kitchen, she noticed the new cleaver was missing. The cleaver was found in May's car and fingerprints on the blade were identified as May's. When the police returned the cleaver after the burglary, the cook identified it as the one missing from the kitchen.

May raised the defense of alibi, claiming he was on a Greyhound bus on his way to California at the time the burglary was committed.

May concedes that in a sufficiency of evidence issue, this Court does not judge the credibility of witnesses nor weigh the evidence but, rather, looks only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Daniel v. State* (1988), Ind., 526 N.E.2d 1157, 1161. Elements of the crime may be established by circumstantial evidence and logical inferences to be drawn therefrom. It is for the jury to determine which witnesses they believe and which they disbelieve. *Watkins v. State* (1984), Ind., 460 N.E.2d 514, 516; *Townsend v. State* (1984), Ind., 460 N.E.2d 139, 140.

May claims that while this Court on appeal will neither weigh conflicting evidence nor determine the credibility of witnesses, uncontradicted statements on behalf of an appellant will be taken as true. May further states uncontradicted testimony in this case established May's alibi that he was en route to California and could not have committed this burglary and theft. However, testimony of witnesses was conflicting on the issue of May's alibi defense.

May's fiance testified May left for California on a Greyhound bus on August 26, one day before the burglary. However, she did not personally see him board the bus, had no personal knowledge that he actually boarded the bus, and did not know May's whereabouts in the early morning hours of August 27.

May attempted to corroborate his alibi by claiming he made several collect telephone calls from Los Angeles to Indianapolis, but the first call was not made until August 31, four days after the burglary in question.

The transportation managers for Greyhound Bus Lines testified that a trip from Indianapolis to Los Angeles takes forty-eight (48) to fifty-two (52) hours and that a bus left on the morning of the 27th at 4:55 a.m. and 11:55 a.m. Therefore, May could have taken the 11:55 a.m. bus and arrived in Los Angeles at 1:10 p.m. on August 29, 1986, two days after the burglary and two days before his first collect call to Indianapolis. May claims the meat cleaver found in his car was left there by another employee of the club in June, 1986, and that he had used it once while fishing. May also claimed the club had several meat cleavers. This, of course, was in conflict with the testimony of the cook that the cleaver was purchased after June, 1986, and that the club had only two meat cleavers. Furthermore, the cook testified she had cleaned the cleaver on the night of the 26th, inferring May's prints were not put there until after that time. May's claim that he had a cast on his arm and was unable, by reason of the injury to his arm, to lift crates was contradicted by doctors who treated him. Although there was conflict in the evidence, sufficient facts and inferences to be drawn therefrom were presented to the jury justifying their verdicts.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.