**Thomas CALBERT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 280S56.**

Supreme Court of Indiana.

April 9, 1981.

Timothy J. Burns, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions for rape, Ind. Code § 35-42-4-1, and criminal deviate behavior, Ind. Code § 35-42-4-2, class A felonies. Appellant was sentenced to imprisonment for thirty years on each count, the sentences to be served concurrently. Ten years' imprisonment was suspended from each term. Appellant raises two issues on appeal: (1) whether there was sufficient evidence to establish rape and criminal deviate conduct; and (2) whether there was sufficient evidence to establish the class A convictions.

The evidence most favorable to the State shows the following. Appellant had hired S. F. to work in his office, and on the day she reported to start work, as she was about to leave in the afternoon after taking down notes dictated by appellant, he grabbed her by the legs, ordered her to lie on the floor and threatened to "punch her lights out." When S. F. attempted to resist, appellant threatened to kill her. He knocked S. F. to the floor, sat on her upper abdomen and slapped her repeatedly. As S. F. continued to resist, appellant threatened her saying "I'll kill you, I'll kill you." Appellant inserted his penis into S. F.'s mouth and then bit her on the vulva. Continuing to threaten her life, appellant then had sexual intercourse with S. F. After the assault, S. F. left the office immediately, drove to her home, and called the state police. A state trooper met her at a restaurant and took her directly to a hospital for examination.

I.

■ Appellant claims that the evidence adduced at trial was insufficient to support the convictions. After pointing out that the convictions were based entirely upon the "essentially uncorroborated testimony of [the victim, S. F.]," appellant concedes that Indiana law is clear that such testimony can be sufficient to sustain a conviction, citing *Beard v. State*, (1975) 262 Ind. 643, 323 N.E.2d 216; *Lynch v. State*, (1974) 262 Ind. 360, 316 N.E.2d 372; and *Quassy v. State*, (1975) 167 Ind.App. 205, 338 N.E.2d 283. His claim in essence is that S. F.'s testimony is contradictory and not credible. He cites the facts that S. F. testified that despite having an opportunity to leave during the assault she did not do so; that she had indicated that appellant had had an ejaculation during the rape, but hospital tests revealed no sperm present in the vagina; that hospital tests revealed only a superficial abrasion on the vulva, and no indication of trauma to the head or abdomen; and that she was quoted by the examining physician as having denied having oral sex forced upon her.

We have said many times that in reviewing a sufficiency claim we will neither weigh the evidence nor determine credibility, but we will examine the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. We will affirm the conviction if from that viewpoint there is evidence of probative value, direct or circumstantial, from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

Appellant asks this Court to make a determination of credibility. This, the jury has already done, and it is not our province to redetermine the question. There was sufficient evidence before the jury on all the elements of each of the crimes charged to support verdicts of guilty beyond a reasonable doubt.

## II.

Appellant next argues that even if there was sufficient evidence to support the verdicts of guilty of rape and criminal deviate behavior, this evidence was insufficient to support the class A felony charges.

Both rape and criminal deviate conduct are class A felonies if committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

If the verdict was based on the use of deadly force, he first maintains, the evidence was insufficient. Appellant correctly recites the definition of "deadly force" found in Ind. Code § 35–41–1–2, as "that [which] creates a substantial risk of serious bodily injury", and the definition of serious bodily injury found in the same section as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of a bodily member or organ." He asserts that the testimony regarding the element of force failed to prove serious bodily injury. The force need not cause actual harm. Rather, it is enough, according to the statute, if it created a *substantial risk* of serious bodily injury. The record reveals that S. F. was thrown to the floor, sat upon, bitten, and repeatedly slapped. These actions clearly created a substantial risk of serious injury to the victim.

If the verdict was based on the threat to use deadly force, he next maintains, a substantial question of first impression is presented to this Court: "Does slapping a person along with statements of 'I'll kill you,' without more, meet the definition of threatening deadly force?"

Appellant urges this Court to adopt the view that the Legislature in defining deadly force used the term "serious bodily injury" to indicate its intent to require a showing of more than an idle and meaningless threat. To permit this conviction to stand as a class A felony would, he asserts, render the presumptive class B designation of these offenses meaningless. To illustrate his point, he suggests first the hypothetical case of a woman who submits to a forcible act of intercourse by a man who does not utter one word. Were the victim to testify that she submitted because she was in fear of death or great bodily injury, appellant asks if the offense could reach class A proportions.

He next suggests the same case but with the man uttering the words, "I'll kill you", without any demonstrated capacity or inclination to carry out the act. Again he asks whether the offense could reach class A proportions.

We agree that the statute requires a showing of more than an idle threat. We do not need to reach the questions posed by the hypotheticals since they are not presented here, although in a recent case in which a defendant threatened to pull a knife on his victim unless she performed oral sex on him, we held that such conduct did constitute a threat to use deadly force within the meaning of the rape and criminal deviate conduct statutes, even though no knife was actually seen. *Zollatz v. State*, (1980) Ind., 412 N.E.2d 1200. The threats to kill here were uttered in a context in which appellant was actually inflicting injury on S. F. and we believe that these threats are within the contemplation of the statute.

The evidence was sufficient to sustain the class A felony verdicts.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.