Tim DINGER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 22S00–8710–CR–OO986.

Supreme Court of Indiana.

June 27, 1989.

Michael J. McDaniel, McDaniel, Biggs & Ollis, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Tim Dinger was convicted following a trial by jury of two counts each of rape, criminal deviate conduct, and child molesting, all class B felonies, Ind.Code §§ 35–42–4–1 through –3 (Burns 1985 Repl.). He was also convicted of two counts of incest, a class D felony. Ind. Code § 35–46–1–3 (Burns 1985 Repl.). The trial court vacated the rape convictions, but sentenced Dinger to consecutive twenty-year terms on each of the four remaining class B felonies. The trial court also sentenced him to concurrent four-year terms on each of the class D felonies. Dinger's sentence totals eighty years in prison.

Three of the class B convictions and one of the class D convictions derive from claims of anal or vaginal intercourse with Dinger's stepdaughter, J.B. Dinger asserts that the evidence was insufficient to prove that penetration occurred. When reviewing the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of witnesses. We will look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if

there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Stwalley v. State* (1989), Ind., 534 N.E.2d 229. The uncorroborated testimony of the victim of a sexual attack, even if the victim is a minor, is sufficient to sustain a conviction for child molesting. *Morrison v. State* (1984), Ind., 462 N.E.2d 78.

At trial, twelve-year-old J.B. testified that Dinger "hunched" her, that he would "get on top" of her and "go up and down" with his "below part down below [her] vagina." She also testified that sometimes "he would do it back end and sometimes he'd do it in front." She stated that her rectum would bleed sometimes and she would have pain in her stomach. A taped statement J.B. gave to a police officer on the day after the crimes were committed was also introduced into evidence. In that statement, J.B. said that Dinger put "it [his penis] in and it hurt."

J.B.'s testimony was corroborated by the testimony of her sister, P.B., and her brother, C.B. and by medical evidence. P.B. testified that she and her sister were both "raped" by Dinger. She then described rape as occurring when "he sticks his penis in the girl's vagina." C.B. testified that he had seen Dinger stick his "weenie" in the "front private" of each of the girls.

■ Finally, proof of the slightest penetration is sufficient, and the fact-finder may infer penetration from the victim's physical condition soon after the crime. *Brown v. State* (1982), Ind., 442 N.E.2d 1109. Dr. Barham Sephari, a pediatrician who examined J.B. after the crime, testified that there were "small pinpoint bruises on, around her hymen" and "a small, superficial laceration on the side of her vagina." The evidence of penetration was sufficient to sustain appellant's conviction.

■ Dinger further claims that the children's testimony was incredible and should be excluded from consideration by this court, citing *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658. He argues that the evidence shows that the children wanted to hurt him because they witnessed him having sexual intercourse with their moth-

er, and they believed that the sex hurt her. In addition, Dinger argues that the children had previously made false complaints about mistreatment to the welfare department. He also suggests that the children's testimony indicated coaching by their adoptive parents. These claims do not meet the standard articulated in *Gaddis*, which reversed a conviction based on equivocal and admittedly coerced testimony by a single witness. We decline appellant's invitation to judge the credibility of the children as witnesses.

■ Dinger asserts that the trial court erred when it sentenced him to enhanced consecutive sentences. Specifically, he argues that the trial court improperly included lack of remorse among aggravating factors when enhancing his sentence. To support his argument, he cites *Guenther v. State* (1986), Ind.App., 495 N.E.2d 788. The portion of the Court of Appeals decision in *Guenther* upon which the appellant relies was vacated by this Court. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071.

Contrary to Dinger's argument, there is no general prohibition against using lack of remorse as a sentencing factor. *Brooks v. State* (1986), Ind., 497 N.E.2d 210. The only circumstance under which lack of remorse might be inappropriate is not applicable in Dinger's case. *Cf., Dockery v. State* (1987), Ind.App., 504 N.E.2d 291 (lack of remorse not a proper aggravating factor when the defendant maintains innocence and the only evidence is the victim's uncorroborated testimony). The trial court did not err in enhancing the defendant's sentence.

We affirm the judgment of the trial court.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.