**Kelvin L. BAZILE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 02S00–8808–CR–759.**

Supreme Court of Indiana.

July 5, 1989.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Child Molesting, a Class A felony, for which he received a sentence of twenty (20) years, and Child Molesting, a Class A felony, for which he received a sentence of twenty (20) years, the sentences to run concurrently.

The facts are: On August 28, 1987, the eleven-year-old victim was in the home of her parents watching television with her older sister who was asleep on the floor. Appellant came to the front door and stated that he was confused, and he thought another family lived there. He left but in a few seconds returned and rang the doorbell a second time. He then told the victim that he needed to use the telephone. She protested that her parents were not at home; he said, however, that he would not be long and she permitted him to enter the house.

Shortly after entering, he grabbed the victim, held his hand over her mouth, and took her into a bedroom. He took off her underwear and shorts and placed her on the bed. He then attempted to penetrate her vagina with his penis but was unable to do so. At that time, the victim told him to "Stop, it hurts," to which appellant replied, "Be quiet or I'll kill you." Appellant then inserted his penis in the victim's anus.

When appellant had completed the anal intercourse, he left. The victim then notified her sister as to what had happened. When returning to the bedroom, the victim found that appellant had left his Magnavox employee identification card laying on the bed. The card contained both the picture and the name of appellant. It was entered in evidence as State's Exhibit No. 1.

The victim was taken to the hospital where she was examined.

Appellant claims there is insufficient evidence to support the verdict of the jury. He contends the evidence is insufficient to show that he used or threatened to use any deadly force which was necessary to raise the crimes to a Class A status. It is true that appellant did not state that he had any weapons nor did the victim see any weapons during the course of the attack.

However, when one considers the victim was a child of eleven years of age and appellant was an adult who grabbed the child, took her to a bedroom, undressed her, placed her on a bed, and when she protested, told her to be quiet or he would kill her, appellant was threatening to use deadly force which is sufficient under Ind. Code § 35–42–4–3. *Pennington v. State* (1988), Ind., 523 N.E.2d 414; *Lambert v. State* (1987), Ind., 516 N.E.2d 16. The evidence in this case is sufficient to sustain the verdict of the jury.

The trial court is affirmed.

PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, concurring and dissenting.

The range of sentence for a Class A felony is twenty to fifty years, with thirty

years being the fixed standard term. I.C. 35–50–2–4. The range of sentence for a Class B felony is six to twenty years, with ten years being the fixed standard term. I.C. 35–50–2–5. Forcing a child of this victim's age to submit to a sexual touching is a Class B felony and appellant does not contend that he has not been justly convicted of that crime. However this offense is raised to the Class A felony level only if it is committed "by using or threatening the use of deadly force, or while armed with a deadly weapon. I.C. 35–42–4–3(b). The significant difference in the length of the two sentences requires that the additional elevating factor provide a significant aggravating event.

A single verbal threat to kill without the display of a suitable weapon constitutes a threat to use deadly force only if it is uttered in a context in which the assailant is inflicting injury or demonstrating a plausible method of inflicting injury. In *Calbert v. State* (1981), 275 Ind. 595, 418 N.E.2d 1158, the victim was thrown to the floor, sat on, was bitten, and repeatedly slapped. In *Smith v. State* (1983), Ind., 455 N.E.2d 606, the victim was grabbed from behind, thrown on her back, and her assailant put his hand over her nose and mouth, making it hard to breathe. In *Pennington v. State* (1988), Ind., 523 N.E.2d 414, the assailant exerted pressure on the chest of the victim and impaired her breathing to such an extent that it scared her. In *Lambert v. State* (1987), Ind., 516 N.E.2d 16, the victim was grabbed around the neck and mouth from behind and held tightly and threatened that if she screamed she would be killed. In the process she suffered a cut around her neck from her necklace. Here, by contrast, the victim was grabbed and taken to a bedroom where she protested and was told to be quiet or she would be killed. When examined after the attack, she had three or four scrapes on her cheek. The context of this threat to kill is insufficient to show that type of threat warranting the enhancement from Class B to Class A. I would therefore remand with instruction to reduce the judgments to the Class B felony level and resentence accordingly.

SHEPARD, C.J., concurs.