Jarman SPURLOCK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 70S00–9512–CR–1347.

Supreme Court of Indiana.

Dec. 18, 1996.

Opinion on Rehearing May 2, 1997.

Kris Meltzer, Stubbs & Meltzer, Shelby-ville, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, for Appellee.

BOEHM, Justice.

A jury convicted Jarman Spurlock of five counts of child molesting and one count each of battery, intimidation, and criminal recklessness. Three of Spurlock's convictions for child molesting were Class A felonies and two were Class C felonies. The Class A molestation counts were elevated from Class C counts because the jury found they were committed by means of sexual intercourse or by the use of deadly force, or both. The jury also found that Spurlock was an habitual offender. Spurlock was sentenced to a combined term of one hundred and forty-two years. He presents five issues for our review, which we consolidate and restate as:

I. Was the evidence sufficient to support Spurlock's three Class A felony convictions for child molesting?

II. Was the evidence sufficient to support Spurlock's conviction for criminal recklessness?

III. Was the evidence sufficient to support the jury's determination that Spurlock was an habitual offender?

We affirm four counts of child molesting and the convictions for battery, intimidation, and criminal recklessness. We also affirm Spurlock's enhanced sentence as an habitual offender. However, we vacate one count of child molesting.

The facts most favorable to the verdict reveal that Spurlock molested his twelve-year-old daughter on two occasions. On one of those occasions, he attempted to have intercourse as explained below. Spurlock threatened to kill her if she told anyone of these events. Spurlock also molested his eleven-year-old daughter on two occasions. About a month after the last of these events, the older daughter reported them to the police. On the following day, the daughter told Spurlock's wife of the report. Spurlock's wife then relayed this to Spurlock that same day and that evening Spurlock, armed with his wife's gun, confronted his daughters when they arrived home. Spurlock threatened the older daughter, stating he would kill her, and hit her several times on the head with his fist. She eventually escaped outside. Two police officers arrived shortly thereafter as a result of a neighbor's call reporting the disturbance. Officer Dean Fish entered the Spurlock home and found Spurlock lying on the bedroom floor pointing a gun at him. When confronted, Spurlock threw the gun on the bed and was taken into custody. The trial, convictions and this appeal ensued.

## I. Sufficiency of the Evidence— Child Molesting

Spurlock argues that the evidence was insufficient to support his child molesting convictions as Class A felonies. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied*. We look to the evidence and reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

Count I of the information [1] charged Spurlock with child molesting, a Class A felony, pursuant to IND.CODE § 35–42–4–3(a) (Supp.1994).[2] This count of child molesting requires an act of "sexual intercourse," which is defined by statute as "an act that includes

---

1. The Count I charge reads in pertinent part:
 In or about May 12, 1995, ..., Jarman Spurlock, did, with a child under fourteen (14) years of age, to-wit: ..., perform or submit to sexual intercourse, while Spurlock threatened to kill her if she told, all of which is against the peace and dignity of the State of Indiana and contrary to the form of the statute made and provided, to-wit: I.C. 34–42–4–3(a) and constitutes a Class 'A' felony.
 Record at 7.

2. IND.CODE § 35–42–4–3(a) (Supp.1994) states:
 (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct

any penetration of the female sex organ by the male sex organ." IND.CODE § 35–41–1–26 (1993).

■ Spurlock claims that there was no evidence of penetration to support his conviction. Proof of the slightest penetration is sufficient to sustain convictions for child molesting and incest. *Dinger v. State*, 540 N.E.2d 39, 40 (Ind.1989). However, in this case, the State presented no evidence of penetration. On direct examination, the victim stated that Spurlock "tried" to have sexual intercourse with her on a single occasion. Record at 378–79. The victim then testified as follows:

Q: When you say he tried to have intercourse with you, what do you mean?

A: Have sex with me.

Q: Okay. He tried to put hi—He was trying to put his penis inside you?

A: Yes.

Q: Did he do that, or do you know?

A: I don't know.

Record at 378. The victim repeatedly testified that Spurlock only "tried" to have intercourse with her. More importantly, when specifically questioned about penetration, the twelve-year-old victim did not know if penetration had occurred.

The State argues that penetration can be inferred from circumstantial evidence citing our decision in *Pasco v. State*, 563 N.E.2d 587 (Ind.1990). However, in *Pasco*, there was physical evidence of penetration including a vaginal smear from the deceased victim which showed sperm and the defendant's palm print on the victim's thigh which tied the defendant to the penetration. *Id.* at 590. The State also argues that penetration of "external genitalia" is sufficient as was held in *Short v. State*, 564 N.E.2d 553, 558 (Ind. Ct.App.1991). That is correct. However, *Short* involved a five-year-old victim, who was incapable of clearly describing the events. The evidence of penetration was, *inter alia*, a bruised hymen, demonstrating sufficient penetration. Here, we are confronted with a situation where the victim

commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.

herself, who was of an age to understand and respond to the questions, did not state that penetration occurred and there was no medical or physical evidence of penetration.

■ Although a touching is sufficient to support child molesting as a Class C felony (as Spurlock was charged in Counts IV and V), evidence of a touching without more does not support a conviction for child molesting as a Class A felony, which requires "penetration of the female sex organ." *See* IND. CODE § 35–42–4–3(a) (Supp.1994) and IND. CODE § 35–41–1–26 (1993).[3] The victim testified that Spurlock's penis touched her vagina; however, she never said that it penetrated or went inside, and explicitly said that she did not know whether that occurred. Moreover, she testified that her vagina was used to go to the bathroom as well as to have intercourse, demonstrating only a generalized understanding of the term and supporting the view that any penetration, however slight, would have been understood by her as penetration of the vagina.

■ We emphasize that proof of the slightest penetration is enough to support a conviction. *Dinger*, 540 N.E.2d at 40. We believe a detailed anatomical description of penetration is unnecessary and undesirable for two reasons. First, many people are not able to articulate the precise anatomical features that were or were not penetrated. Second, to require such detailed descriptions would subject victims to unwarranted questioning and cross-examination regarding the details and extent of penetration. As noted, any penetration is enough. But unlike the facts presented in *Short*, the State did not present any external evidence of a bruised hymen or other proof of penetration of even external genitalia. Therefore, in the absence of testimony that penetration occurred, we must conclude that the jury had no evidence from which it could find Spurlock guilty beyond a reasonable doubt of the count of child molesting that was based upon an alleged act of intercourse.

■ Next, Spurlock argues that the State failed to present evidence that he used deadly force to sustain his convictions on

3. *Compare* IND.CODE § 35–42–4–3(a) (Supp.1994) (Class B felony committed where child performs or submits to sexual intercourse or deviate sexual conduct) *with* IND.CODE § 35–42–4–3(b) (Supp. 1994) (Class C felony committed where child performs or submits to any fondling or touching of either the child or the older person).

Counts II and III for child molesting as Class A felonies. Those counts were Class A felonies only because they alleged the molestation was "committed by using or threatening the use of deadly force, or while armed with a deadly weapon." IND.CODE § 35–42–4–3(b) (Supp.1994). The proof of that element, however, is lacking. There is no evidence of use of a weapon. The State argues that Spurlock's "threats to kill the victim if she told anyone" that he molested her constituted the use of deadly force to support the Class A felony convictions. Appellee's Brief at 11. We must disagree. It is true that a threat to use deadly force to compel compliance may be enough to elevate an offense to a Class A felony. No weapon is necessary. *See Bazile v. State,* 540 N.E.2d 49, 50 (Ind. 1989) (defendant grabbed the eleven-year-old victim, threw her on the bed and told her to be quiet or he would kill her); *Lambert v. State,* 516 N.E.2d 16, 19 (Ind.1987), *rev'd on other grounds,* 534 N.E.2d 235 (Ind.1989) (victim testified that she was grabbed around the neck and mouth from behind and that defendant threatened that if she screamed, he would kill her); *Stout v. State,* 612 N.E.2d 1076, 1080 (Ind.Ct.App.1993), *trans. denied* (victim testified defendant threatened to choke her and throw her body in a field if she continued to scream). However, in this case, the verbal threat to kill was not made to coerce the victim to submit to his demands. Rather, the context of the threat, as described by the victim and alleged in the information was that he would kill her if she told anyone. In fact, when the victim was asked what Spurlock said to her during the act of molestation, she responded, "He just told me to be quiet." Record at 382. Later in her testimony, she stated that he threatened to hurt the family if she told anyone. Record at 384. These threats may have been sufficient to support a charge of intimidation; however, they are insufficient to prove molestation "committed by the use of deadly force," which is what the statute requires. In other words, for a threat to elevate molestation to a Class A felony, the threat must facilitate the offense, not its coverup.

■ Based upon the facts of this case, the context of Spurlock's threat to kill the victim

if she told anyone is insufficient to show the type of threat warranting the enhancement from Class C to Class A.[4] Therefore, we remand with instructions to vacate Spurlock's conviction as to Count I, reduce the convictions for Count II and Count III to the Class C felony level and resentence accordingly. The child molesting convictions are affirmed in all other respects.

## II. Sufficiency of the Evidence—Criminal Recklessness

■ Spurlock next argues that the evidence was insufficient to support his conviction for criminal recklessness. As noted above, in reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan,* 656 N.E.2d at 817. A person commits criminal recklessness when he recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person. IND.CODE § 35–42–2–2(b) (1993). The offense is a Class D felony if it is committed while armed with a deadly weapon. *Id.*

Officer Fish testified that he entered the bedroom of Spurlock's home and observed Spurlock lying on the floor pointing a gun at him. After Spurlock threw the gun on the bed, he was taken into custody. Officer Fish recovered the gun and discovered it was loaded. Thus, the State presented overwhelming evidence from which a jury could find the defendant guilty of criminal recklessness. *See Al–Saud v. State,* 658 N.E.2d 907, 909–10 (Ind.1995) (conviction for criminal recklessness supported by evidence that defendant brandished an allegedly unloaded gun in a congested area or during a dispute).

## III. Sufficiency of the Evidence—Habitual Offender

■ Spurlock argues the habitual offender determination by the jury must be vacated because one of the predicate felonies is facially invalid. Spurlock's argument amounts to a collateral attack upon a prior conviction. In order to sustain such an attack on an underlying felony in the habitual offender proceeding, Spurlock must demon-

---

4. Spurlock also challenges the sufficiency of the evidence on the four remaining molestation counts. In this case, the victims gave detailed testimony regarding the acts of molestation. A conviction for child molesting may rest upon the uncorroborated testimony of the victim. *Barger v. State,* 587 N.E.2d 1304, 1308 (Ind.1992), *reh'g denied.* We decline to accept Spurlock's invitation to reweigh the evidence.

strate that the documents used in his trial to prove the prior convictions on their face raised a presumption that the convictions were constitutionally infirm. *Cornett v. State,* 536 N.E.2d 501, 506 (Ind.1989). Where, as here, the prior conviction is based upon a guilty plea, the infirmity must affect that part of the guilty plea that constitutes the admission of guilt. *Id.* Spurlock attacks the validity of his guilty plea for one of the underlying convictions (theft) because he pleaded guilty without counsel. The September 15, 1981, notation on the criminal docket sheet clearly indicates that Spurlock was advised of his constitutional rights and that he waived his right to counsel. Thus, Spurlock has failed to show his guilty plea was constitutionally infirm on its face.

 Spurlock also challenges the State's evidence relating to a previous theft conviction. The State introduced certified copies of information charging Spurlock and the court's docket sheet, among other documents. The court's docket entry for October 14, 1981, reads in pertinent part:

> Court enters judgment of conviction for the offense of theft, class d Felony and sentences defendant to imprisonment for a period of two years, suspends execution of sentence on condition defendant satisfactorily complete two years supervised probation.

Record at 798. In addition, Officer Robert E. Clark identified Spurlock and testified that Spurlock had been convicted of theft. This was sufficient evidence provided by the State to support the habitual offender determination. *See Webster v. State,* 628 N.E.2d 1212, 1214–15 (Ind.1994) (introduction of criminal docket sheet and information was sufficient to sustain habitual offender deter-

mination). Spurlock was of course free to challenge that evidence at trial and was in a position to know whether it was accurate.

## Conclusion

 We affirm Spurlock's convictions of four counts of child molesting and all other convictions, including his enhanced sentence as an habitual offender. This cause is remanded to the trial court with instructions to vacate the judgment as to Count I, child molesting, a Class A felony and to reduce the child molesting convictions for Counts II and III to Class C felonies and to impose a sentence of sixty-nine (69) years.[5] In all other respects, the judgment of the trial court is affirmed.[6]

SHEPARD, C.J., and DICKSON, J. concur.

SULLIVAN and SELBY, JJ., dissent in part, believing that there was sufficient evidence to support the defendant's conviction on Count I. In all other respects, they concur.

## OPINION ON REHEARING

### (May 2, 1997)

BOEHM, Justice.

In his petition for rehearing, Jarman Spurlock alleges that his sixty-nine year sentence should be reduced to fifty-one years based upon the calculation of the habitual offender portion of his sentence. Pursuant to Indiana Code § 35–50–2–8(e), the sentence for a habitual offender shall be "an additional fixed term that is not less than the presumptive sentence nor more than three (3) times the presumptive sentence for the underlying offense" up to a maximum of thirty years. Spurlock asserts that the habitual offender

---

5. In determining this sentence, we impose the maximum sentence on each count and run each count consecutive to the others. It is apparent from the judge's statements at the sentencing hearing and in the sentencing order that she intended to impose the maximum sentence upon Spurlock. For example, she noted the "serious and numerous aggravating circumstances completely outweigh any of the extremely weak mitigating factors." Record at 275.

6. Spurlock also argued that his sentence was manifestly unreasonable. A sentence authorized by statute will not be revised unless the sentence is manifestly unreasonable. *Sims v. State,* 585

N.E.2d 271, 272 (Ind.1992). A sentence is not manifestly unreasonable if a reasonable person could find the sentence appropriate to the particular offense and offender. Ind. Appellate Rule 17(B)(2). As noted above, the trial court stated that the mitigating factors offered by Spurlock were extremely weak. The trial court then set forth numerous aggravating circumstances, including Spurlock's prior criminal history, his violent character, and that there was a great risk that he would commit another crime. Record at 274. Because the trial court properly evaluated the mitigating and aggravating circumstances and adequately set forth its balancing process, we conclude that imposition of the maximum

enhancement should be twelve years as opposed to thirty years, because the effect of this Court's holding is to reduce the most serious of his convictions to a Class C felony and the presumptive sentence for one Class C felony is four years. IND.CODE § 35–50–2–6 (1993). In *Starks v. State*, 523 N.E.2d 735 (Ind.1988), we noted that subsection (e) of the habitual offender statute does not clearly exclude the possibility of enhancing each underlying offense up to a total of thirty years. However, consistent with the holding in that case, Spurlock's enhancement should be limited to one conviction. This produces a habitual offender enhancement of twelve years and a total sentence of fifty-one (51) years. This cause is remanded to the trial court to enter sentence accordingly.

SHEPARD, C.J., DICKSON and SELBY, JJ., concur.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Justice, concurring.

Today's opinion is in part a result of the earlier decision of a majority of this court to reverse one of defendant's three convictions for child molesting. *See Spurlock v. State*, 675 N.E.2d 312 (Ind.1996). I continue to believe that conviction should have been affirmed. However, given the result of the earlier decision, I agree that the law requires the sentence reduction provided in today's opinion.

statutory sentence is not manifestly unreason- able.