**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 30 2012, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK WYNN**
Laszynski & Moore
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DELMAR J. KENT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1105-CR-234 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON CIRCUIT COURT
The Honorable Ted R. Todd, Judge
Cause No. 39C01-0904-FA-91

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Delmar J. Kent appeals his conviction of and sentence for two counts of Class A felony child molesting[1] and one count of Class C felony child molesting.[2] He also challenges the admission of his social security records into evidence. We affirm.

## FACTS AND PROCEDURAL HISTORY

The victim, D.J., was born in March 1996. From 1999 to 2005, Kent and D.J.'s mother, E.K., were married. In early 2008, eleven-year-old D.J. gave E.K. a handwritten note that stated Kent touched her inappropriately and had sex with her when E.K. was not home. E.K. called the police, who took a report. The Department of Child Services (DCS) later interviewed Kent regarding the allegations, and he denied them.

On April 28, 2009, the State charged Kent with two counts of Class A felony child molesting and one count of Class C felony child molesting. Kent's jury trial commenced on April 5, 2011, and three days later the jury found him guilty of all counts. On May 25, the trial court sentenced Kent to thirty years for each Class A felony count and four years for the Class C felony count, to be served concurrently for an aggregate sentence of thirty years.

## DISCUSSION AND DECISION

1.    Statute of Limitations

To convict Kent of Class C felony child molesting, the State had to prove he, "with a child under fourteen (14) years of age, perform[ed] or submit[ted] to any fondling or touching, of either the child or the older person, with the intent to arouse or satisfy the sexual

---

[1] Ind. Code § 35-42-4-3(a)(1).
[2] Ind. Code § 35-42-4-3(b).

desires of either the child or the older person[.]" Ind. Code § 35-42-4-3(b). On April 28, 2009, the State alleged Kent committed Class C felony child molesting "on or between July 2000, and February 2005." (App. at 15.) Kent argues a portion of that time frame falls outside the statute of limitations for prosecution of a Class C felony. We agree a portion of the time frame falls outside of the statute of limitations, however, the State presented evidence an incident of molestation occurred during the time within the statute of limitations.

We first note Kent did not file a motion to dismiss the charges against him, which is the proper remedy for a deficient charging information. *See Cockrell v. State*, 743 N.E.2d 799, 803 n.5 (Ind. Ct. App. 2001) (proper method for challenging deficiencies in charging information is a motion to dismiss). Failure to request dismissal generally results in waiver of the issue on appeal. *Id*.

Notwithstanding the waiver, we hold Kent's offenses were not outside the limitations period, which is five years after the commission of the offense. *See* Ind. Code § 35-41-4-2(a)(1). D.J. testified Kent ejaculated on her in her mother's room when she was "about nine" years old. (Tr. at 138.) As D.J. was born in March 1996, she would have been eight years old between April 28, 2004, and February, 2005, the dates which fall within the statute of limitations.[3] The State presented sufficient evidence Kent committed Class C felony child molesting.

---

[3] Kent also argued the State presented no evidence he touched D.J. during this incident. However, the alleged crime required the State to prove "the child *or the older person*" was touched or fondled. Ind. Code § 35-42-4-3(b) (emphasis added.) D.J. testified Kent ejaculated during the incident in 2005, and a jury could reasonably infer from that fact that touching or fondling occurred.

3

2.      Admission of Kent's Social Security Records

The admission of the evidence is within the sound discretion of the trial court, and we review its decision for an abuse of discretion. *Cox v. State*, 774 N.E.2d 1025, 1026 (Ind. Ct. App. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We consider only the evidence in favor of the trial court's decision. *Id.*

The State offered Kent's social security records into evidence to rebut his statement to a DCS employee indicating he was alone with D.J. and her sister only once during his six year marriage to their mother. Kent argues "[t]he introduction and use of the records was highly prejudicial to Kent [and] affected his substantial rights." (Br. of Appellant at 11.) He claims the jury could have given "great weight" to the records, in light of what he asserts were inconsistencies in D.J.'s testimony and lack of supporting evidence. (*Id.*) We disagree.

Kent's first objection to the admission of his social security records was lack of foundation. When the jury was not present, the State indicated it planned to introduce Kent's social security records as a statement of a party opponent pursuant to Indiana Evidence Rule 801(d)(2) and intended to present testimony from the DCS worker who procured the records from Kent's attorney to rebut Kent's testimony he was home alone with D.J. and her sister only once during the six years he was their stepfather. Kent accepted that explanation, then objected on the basis of relevancy. The trial court overruled Kent's objection and admitted the records.

4

The trial court did not abuse its discretion when it admitted Kent's social security records. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. The State offered Kent's social security records into evidence to rebut his statement he was alone with D.J. and her sister only once during his six year marriage to their mother, and would corroborate the testimony of D.J., her mother, and her sister, who all testified Kent was home alone with D.J. and her sister multiple times. The evidence had the tendency to make those facts more or less probable, and thus was relevant.

### 3. Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

5

To prove Kent committed Class A felony child molesting, the State had to prove Kent was at least twenty-one years old and performed or submitted to sexual intercourse with a child under fourteen years of age. Ind. Code § 35-42-4-3(a). "Sexual intercourse" is "any penetration of the female sex organ by the male sex organ." Ind. Code § 35-41-1-26. Kent was over twenty-one and D.J. was under fourteen at the time of the offense, but he argues the State did not present evidence penetration occurred. We disagree.

Indiana courts have consistently held, and Kent concedes, "the slightest penetration is enough to support a conviction." *Dinger v. State*, 540 N.E.2d 39, 40 (Ind. 1989). During Kent's trial, D.J. testified Kent "put his penis between [her] vagina." (Tr. at 91.) When the State asked D.J. if Kent's penis went into her vagina, she answered, "Yes." (*Id.* at 106.) In his appellate brief, Kent points to other testimony that indicated penetration did not occur. Kent's argument is an invitation to reweigh the evidence, which we may not do. *See Drane*, 867 N.E.2d at 146 (on appeal, we will not reweigh the evidence, and we consider only the facts most favorable to the trial court's conclusion). The State presented sufficient evidence Kent committed Class A felony child molesting.[4]

### 3. Sentence

When the trial court imposes a sentence within the statutory range,[5] we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,*

---

[4] Even though there were two counts of Class A felony child molesting, Kent seems to only challenge one of the counts, and thus we will address his argument regarding that single incident.

[5] The advisory sentence for a Class A felony is thirty years, with a sentencing range of twenty to fifty years. Ind. Code § 35-50-2-4. The advisory sentence for a Class C felony is four years, with a sentencing range of two to eight years. Ind. Code § 35-50-2-6.

875 N.E.2d 218 (Ind. 2007). We may reverse a sentencing decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id*. "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id*. The trial court is not required to find mitigating factors or give them the same weight that the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors. *Id*. at 491.

Kent argues the trial court should have found as mitigators the hardship on his family and his prediction he would respond affirmatively to probation. The trial court is not required to find as a mitigator a defendant's incarceration would result in undue hardship on his dependants. *Haun v. State*, 792 N.E.2d 69, 74 (Ind. Ct. App. 2003). Nor was it required to find as a mitigating factor Kent's assertion he would respond well to probation. *See Flickner*, 908 N.E.2d at 273 (court is not required to accept defendant's arguments as to what is a mitigating factor). Therefore, the trial court did not abuse its discretion when it sentenced Kent.

**CONCLUSION**

The State presented sufficient evidence Kent committed Class C felony child molesting because at least one incident occurred within the limitations period and the jury could reasonably infer a touching or fondling occurred. The trial court did not abuse its discretion when it admitted Kent's social security records because the evidence was relevant to a fact at issue. The State also presented sufficient evidence Kent committed Class A felony child molesting because D.J., the victim, testified penetration occurred. Finally, the trial court did not abuse its discretion when it sentenced Kent to an aggregate sentence of thirty years because it was not obliged to accept and weigh the mitigators the way Kent proposed. Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.