## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Bruce W. Graham
Graham Law Firm, P.C.
Lafayette, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Payton Jarrard,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

November 10, 2015

Court of Appeals Cause No. 79A02-1503-CR-159

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No. 79D01-1409-F1-1

**Barnes, Judge.**

## Case Summary

Payton Jarrard appeals his conviction for Level 1 felony child molesting. We affirm.

## Issues

Jarrard raises three issues, which we reorder and restate as:

I. whether the trial court properly sustained an objection on hearsay grounds;

II. whether the jury was properly instructed; and

III. whether there is sufficient evidence to support his conviction.

## Facts

In August 2014, Jarrard was in a relationship with eleven-year-old T.C.'s mother. One night, T.C. was home with her two older brothers while her mother was gone. Although Jarrard lived elsewhere, he was at the home with T.C. and her brothers. After T.C. went to bed, she was awoken by Jarrard shaking her bed as he touched her "bottom area" on the front, in the area she used to urinate. Tr. p. 128. T.C. described feeling Jarrard touch inside her and it hurting. T.C. immediately reported the incident to her brother, who called their mother. Their mother told the children to go to a friend's house, and the incident was reported to the police.

On September 3, 2014, the State charged Jarrard with Level 1 felony child molesting and alleged that he was an habitual offender. A jury found Jarrard

guilty of the child molesting allegation, and he pled guilty to the habitual offender allegation. Jarrard now appeals.

# Analysis

## *I. Hearsay*

Jarrard argues that the trial court improperly sustained the State's objection to testimony by Anna Gordon, the public health nurse who participated in T.C.'s medical examination after the incident was reported. The trial court has broad discretion to rule on the admissibility of evidence, and its rulings are reviewed for abuse of that discretion. *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014). We reverse only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Id.*

At trial, Gordon explained that a history of the incident was obtained from T.C.'s mother. Gordon's report indicated that T.C. told her mother that Jarrard had touched her but did not put anything inside of her. The State objected to this line of questioning, arguing that the content of the report was hearsay. Jarrard's attorney responded by arguing that he was trying to impeach T.C.'s earlier testimony that Jarrard had put his finger inside of her. The trial court sustained the State's objection.

Indiana Evidence "Rule 613 allows the use of a prior inconsistent statement to impeach a witness, and when so used, the statement is not hearsay." *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). "This rule permits prior inconsistent statements by the person being impeached." *Id.* Here, however, Gordon was

not the declarant of the statement Jarrard sought to introduce, nor was she the person Jarrard sought to impeach. Instead, the statement was attributable to T.C. through her mother, and Jarrard did not question either T.C. or her mother about the purported statement. The trial court properly excluded this testimony from Gordon.[1]

## II. Jury Instruction

[8] Jury instructions inform the jury of the law applicable to the facts without misleading the jury and enable the jury to comprehend the case clearly to arrive at a just, fair, and correct verdict. *Isom v. State*, 31 N.E.3d 469, 484 (Ind. 2015), *cert. pending*. We review jury instructions for an abuse of discretion, which occurs when the instruction is erroneous and the instructions taken as a whole misstate the law or otherwise mislead the jury. *Id.* at 484-85. When evaluating jury instructions, we look to whether the tendered instructions correctly state the law, whether there is evidence in the record to support giving the instruction, and whether the substance of the proffered instruction is covered by other instructions. *Id.* at 485.

---

[1] On appeal, Jarrard argues that the statement in Gordon's report was admissible because Gordon was an expert witness, because it was a statement made for medical diagnosis and treatment, and because it impacted his Sixth Amendment right to cross-examination. However, it is well settled that a defendant may not argue one ground for objection at trial and then raise new grounds on appeal. *Halliburton v. State*, 1 N.E.3d 670, 683 (Ind. 2013). Because Jarrard did not raise these claims to the trial court, he has waived these claims of error for appellate review. *See id.*

[9] At trial, Jarrard argued that the State's tendered instruction regarding penetration was confusing. The trial court sustained Jarrard's objection in part and deleted the third paragraph of the tendered instruction. The trial court instructed the jury as follows:

> Proof of the slightest penetration is sufficient to sustain a conviction for the crimes charged. Penetration does not require the vagina to be penetrated, only that the female sex organ including the external genitalia be penetrated.
>
> The female external genitalia is defined as "the vulva in the female." The vulva is defined as the "external genitalia of the female, comprised of the opening of the urethra and of the vagina."

App. p. 92.

[10] On appeal, Jarrard suggests that the instruction improperly emphasized one particular evidentiary fact and that it improperly gave the jury a lesson in anatomy. However, because these are not the same arguments Jarrard made at trial, they are waived. *See* Ind. Trial Rule 51(C) ("No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."); *Helsley v. State*, 809 N.E.2d 292, 302 (Ind. 2004) ("The defendant may not appeal the giving of an instruction on grounds not distinctly presented at trial."). Regardless, we do not agree that this instruction improperly emphasized one particular evidentiary fact or improperly defined certain terms because it informed the jury of the law applicable to the facts.

Jarrard has not established that the manner in which the jury was instructed was reversible error.

### III. Sufficiency of the Evidence

[11] Jarrard argues there is insufficient evidence to support his Level 1 felony child molesting conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[12] A person, at least twenty-one years of age, who, with a child under fourteen years of age, knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct commits child molesting, a Level 1 felony child molesting. Ind. Code § 35-42-4-3(a)(1). Other sexual conduct means in part an act involving "the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5. Here, the State alleged that Jarrard used his hand to engage in other sexual conduct with T.C.

[13] Jarrad contends T.C.'s testimony did not establish that he used his finger to penetrate T.C.'s sex organ. He argues, "While it is possible that Jarrard

penetrated the sex organ, it is also just as likely, that Jarrard penetrated the urethral opening of T.C." Appellant's Br. p. 11.

[14] T.C. testified that she woke up to Jarrard touching her in "bottom area." Tr. p. 128. She elaborated that he was touching the "front," the area for using "the restroom." *Id.* She further clarified that it was the area from where she urinates. T.C. stated that she could feel Jarrard touching her on the inside and that it hurt.

[15] In *Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996),our supreme court observed:

> We believe a detailed anatomical description of penetration is unnecessary and undesirable for two reasons. First, many people are not able to articulate the precise anatomical features that were or were not penetrated. Second, to require such detailed descriptions would subject victims to unwarranted questioning and cross-examination regarding the details and extent of penetration.

[16] Although T.C.'s testimony did not include a precise anatomical description, it was sufficient to allow the jury to infer that Jarrard penetrated her vagina with his finger. To the extent he argues otherwise, it is a request for us to reweigh the evidence, which we cannot do. *See Bailey v. State*, 979 N.E.2d at 135. There is sufficient evidence to support Jarrard's Level 1 felony child molesting conviction.

## Conclusion

[17] Jarrard has not established that the trial court abused its discretion in sustaining the State's objection to Gordon's testimony or in instructing the jury. Further, there is sufficient evidence to sustain the child molesting conviction. We affirm.

[18] Affirmed.

Kirsch, J., and Najam, J., concur.