# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 11 2019, 10:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert T. Davis, *Appellant-Defendant,* | October 11, 2019 |
| v. | Court of Appeals Case No. 19A-CR-463 |
| | Appeal from the Elkhart Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Teresa L. Cataldo, Judge |
| | Trial Court Cause No. 20D03-1711-FA-3 |

**May, Judge.**

[1] Robert T. Davis appeals his conviction of Class A felony child molesting.[1] Davis argues the testimony presented was insufficient to find him guilty beyond a reasonable doubt. We affirm.

## Facts and Procedural History

[2] In June 2012, ten-year-old J.G. and her family were staying with J.G.'s grandmother as they waited for their home to be finished. Davis, who is J.G.'s uncle, also lived in the home. While staying there, J.G. and her older brother slept on the living room floor. Davis slept on the couch in the living room. One night, J.G. woke up to Davis digitally penetrating her vagina. When J.G. woke up, Davis told her not to tell anyone, and he continued to molest her. J.G. fled to the bathroom and began to cry. J.G.'s grandmother found J.G's nightgown in the trash the next day, but J.G. would not tell her why it was in the trash. The J.G. and her family soon moved into their own home. Since then, J.G. has stayed away from Davis and her grandmother's home.

[3] In 2016, J.G. told her cousin about the incident. The cousin encouraged J.G. to tell her mother. Eventually, J.G. told her mother, who reported the incident to the police. On November 21, 2017, the State charged Davis with Class A felony child molesting. A jury found him guilty. The court sentenced Davis to

---

[1] Ind. Code § 35-42-4-3(a)(1) (2007).

forty years, with thirty years to be served in prison and ten years suspended to probation.

# Discussion and Decision

[4] Davis argues there was insufficient evidence to support his conviction. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. at 126 (internal citation omitted).

[5] To prove Davis committed Class A felony child molesting, the State needed to prove: (1) Davis, (2) who was at least twenty-one years of age, (3) with J.G., who was ten, (4) performed or submitted to sexual intercourse or deviate sexual conduct. *See* Ind. Code § 35-42-4-3(a)(1) (2007). Deviate sexual conduct was "an act involving a sex organ of one person and the mouth or anus of another person or the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9 (1984).

[6] Davis contends J.G.'s testimony was not sufficient to prove penetration. When asked where Davis' fingers were when he touched her, J.G. said "in the slit." (Tr. Vol. II at 159.) Davis argues J.G.'s failure to use anatomical terminology to describe the incident left the jury with too vague a description for them to

determine that Davis committed deviate sexual conduct. However, Davis does not cite case law supporting his contention that correct anatomical terms must be used by the victim to prove penetration. As the Indiana Supreme Court explained:

> [A] detailed anatomical description of penetration is unnecessary and undesirable for two reasons. First, many people are not able to articulate the precise anatomical features that were or were not penetrated. Second, to require such detailed descriptions would subject victims to unwarranted questioning and cross-examination regarding the details and extent of penetration.

*Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996). J.G.'s testimony was sufficient to allow the jury to draw an inference as to whether penetration occurred. *See*, *e.g.*, *D'Paffo v. State*, 749 N.E.2d 1235, 1239 (Ind. Ct. App. 2001) (minor victim's testimony as to defendant sexually assaulting her with fingers was sufficient to support child molesting conviction), *summarily aff'd in relevant part* 778 N.E.2d 798, 803 n.2 (Ind. 2002).

# Conclusion

[7] J.G.'s testimony was sufficient to permit the jury to reasonably infer penetration occurred. The evidence therefore was sufficient to support Davis's conviction of Class A felony child molesting. Accordingly, we affirm.

[8] Affirmed.

Najam, J., and Bailey, J., concur.