## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2020, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Duane Kramer, *Appellant-Defendant,* | August 21, 2020 |
| | Court of Appeals Case No. 19A-CR-2995 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Randy J. Williams, Judge |
| | Trial Court Cause No. 79D01-1901-F1-2 |

**Friedlander, Senior Judge.**

[1] Justin Duane Kramer appeals his conviction by jury of child molesting, a Level 1 felony,[1] and the forty-year sentence imposed by the trial court. We affirm.

[2] Kramer lived in Lafayette, Indiana with his wife and his four stepchildren. During the summer of 2017, Kramer's daughter from a previous marriage, nine-year-old T.B., stayed with Kramer and his family.

[3] Kramer's stepchildren slept in upstairs bedrooms, while Kramer and T.B. slept on couches downstairs. Kramer's wife slept on a bed near his couch, because she was recovering from surgery. Kramer repeatedly encouraged T.B. to sleep nude, saying she needed "to let [her] body get air." Tr. Vol. II, p. 148. T.B. undressed while under the covers and put her clothes in a bag by the couch.

[4] One morning, while everyone else was still asleep, Kramer approached T.B. as she lay on the couch, nude. He put thong underwear on her.

[5] Next, one night, when everyone else was asleep, Kramer told T.B. to lie on his couch with him, nude. Kramer touched her "private part" between her legs, moving his hand up and down. *Id.* at 151.

[6] At that point, T.B. wanted to go to the restroom, but Kramer initially refused to let her go. He eventually allowed her to go to the restroom, and when she returned, she lay down next to Kramer. She asked if she could return to her couch, and Kramer said, "I don't know. I didn't know there was a problem

---

[1] Ind. Code § 35-42-4-3 (2015).

sleeping with your dad." *Id.* at 156. He later allowed her to return to her couch. On several subsequent occasions, Kramer reached over to T.B. as she lay naked on her couch and touched her "private area." *Id.* at 157.

[7] On a subsequent evening, when Kramer's wife was asleep and his stepchildren were at their father's house, Kramer told T.B. to go to an upstairs room and take her pants off. When Kramer entered the room, T.B. was sitting on a chair, wearing a shirt and underwear. He removed her underwear and told her to "put [her] legs up." *Id.* at 161.

[8] Kramer rubbed gel on T.B.'s private area, and then he put something inside of her bottom. She felt a pressure inside her bottom that she had never felt before. Next, Kramer lay down on the floor, face up, and pulled his pants down a bit. He told T.B. to put her private part on his private part, and she felt something attempting to enter her bottom, unsuccessfully. Kramer eventually told her to go downstairs, and she fell asleep on her couch. On every occasion that Kramer abused T.B., he told her not to tell anyone what he had done.

[9] T.B. returned to her mother's home in Iowa at the end of summer. When T.B.'s mother unpacked T.B.'s clothes, she discovered a pair of thong underwear. T.B.'s mother did not allow T.B. to wear that kind of underwear.

[10] T.B. eventually disclosed Kramer's molestations to a school counselor, and the Tippecanoe County Sheriff's Office investigated. During a recorded interview with a detective, Kramer admitted he had touched T.B.'s vagina.

[11]     On October 2, 2018, the State charged Kramer with two counts of child molesting, one as a Level 3 felony and the other as a Level 4 felony. Subsequently, with the trial court's permission, the State amended the Level 3 felony charge to a Level 1 felony.

[12]     The trial court held a jury trial on October 29 and 30, 2019, and the jury determined Kramer was guilty as charged. On November 25, 2019, the court held a sentencing hearing. The court dismissed the Level 3 felony charge on the State's motion. Next, the court sentenced Kramer to forty years on the Level 1 felony conviction. Kramer now appeals, asking the Court to reverse his conviction or, in the alternative, to reduce his sentence.

## I. Sufficiency of the Evidence

[13]     Kramer claims the State failed to prove he committed Level 1 felony child molesting. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Bowles v. State*, 737 N.E.2d 1150 (Ind. 2000). A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Id.*

[14]     To obtain a conviction of child molesting as a Level 1 felony, the State was required to prove beyond a reasonable doubt that Kramer (1) a person over

twenty-one years of age (2) knowingly or intentionally (3) performed or submitted to sexual intercourse or other sexual conduct (4) with T.B. (5) a child under fourteen years of age. Ind. Code § 35-42-4-3. The General Assembly has defined "sexual conduct" as an act involving either: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object. Ind. Code § 35-31.5-2-221.5 (2014).

[15] Kramer claims there is insufficient evidence that he penetrated T.B.'s sex organ or anus. We disagree. Proof of the slightest penetration is sufficient to support a conviction. *Spurlock v. State*, 675 N.E.2d 312 (Ind. 1996). T.B. testified that one evening, Kramer "put something in my bottom," Tr. Vol. II, p. 162, and she felt pressure in her bottom like she never had before. This is sufficient evidence that Kramer penetrated her anus with an object, engaging in "other sexual conduct" with T.B. for purposes of Indiana Code section 35-42-4-3. *See Dinger v. State*, 540 N.E.2d 39, 40 (Ind. 1989) (evidence sufficient to sustain conviction for rape; the twelve-year-old victim testified Dinger put his penis inside of her and "it hurt," resulting in bleeding). We affirm his conviction.

## II. Appropriateness of Sentence

[16] Kramer next argues his forty-year sentence is too long and asks the Court to reduce it to thirty years, with five years suspended. Indiana Appellate Rule 7(B) authorizes the Court to revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[17] "Whether a sentence should be deemed inappropriate 'turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The defendant bears the burden of demonstrating that the sentence is inappropriate. *Robinson v. State*, 91 N.E.3d 574 (Ind. 2018).

[18] At the time Kramer committed his offense, the maximum sentence for Level 1 felony child molesting was fifty years, the minimum sentence was twenty years, and the advisory sentence was thirty years. Ind. Code § 35-50-2-4 (2014). The trial court imposed an enhanced sentence of forty years, well short of the maximum possible sentence.

[19] The nature of the offense supports an enhanced sentence. When nine-year-old T.B. visited Kramer for the summer, he required her to sleep naked, put thong underwear on her, and repeatedly touched her private area. He committed these acts over a span of days or weeks, during which Kramer could have ended his misconduct. Instead, he escalated his misconduct by inserting an object into T.B.'s anus. Kramer violated his position of trust as his daughter's caregiver.

[20] In a letter to the trial court, T.B. stated that Kramer's molestations caused her to feel "sad and angry" to the point that she began to cut herself "so I feel relief." Appellant's App. Vol. II, p. 210. The extensive psychological harm to T.B. further justifies an enhanced sentence.

As for Kramer's character, he was thirty-eight years old at sentencing. Kramer is a veteran and has a history of steady employment, but he also has a criminal record. During the same summer that he molested T.B., Kramer also molested his stepdaughter and was later convicted of sexual misconduct with a minor, a Level 4 felony. His conviction outweighs any positive factors as to his character. We conclude Kramer has failed to demonstrate that his enhanced sentence is inappropriate.

For the reasons stated above, we affirm the judgment of the trial court.

Judgment affirmed.

Najam, J., and Vaidik, J., concur.